Major, J.
These claims were filed to recover damages resulting from an automobile accident alleged to have been caused by the State’s negligence in the maintenance and repair of *254 New York State Highway Route 370, known as Cold Springs Road, between Baldwinsville and Syracuse, in Onondaga County, New York.
These claims were duly filed and have not been assigned nor submitted to any other court or tribunal for audit or determination. By agreement, they were tried together.
The claimant, William Thomas, Jr., was an infant at the time of the accident and the filing of his claim. He became 21 years of age on January 28, 1955. On motion made during the trial and with the consent of the State’s attorney, the title of his claim was amended, and William Thomas, Jr. substituted as claimant in the place of “ William Thomas, Jr., an infant over fourteen years, by William Thomas, Sr., his Guardian ad Litem ’’.
On July 8, 1953, about 8:30 a.m., William Thomas, Jr., with Marion Gould and Earl Fitzpatrick as passengers, was driving his 1941 Ford car easterly along the southerly side of Route 370. About one and one-half miles east of the village of Baldwins-ville and approximately in front of the ‘‘ Schriever Farm ’’, the right front wheel of claimant’s car struck and ran into a hole in the road. As a result, the car was thrown out of claimant’s control, swerved to the right on and along the three-foot dirt shoulder which sloped downward to a ditch. The marks left by the car indicated that it turned off the shoulder toward the pavement in a semi-circle, then proceeded sideways until it rolled over several times, coming to rest partly on the shoulder, pavement and embankment, with the front toward the center of the highway. Examination of the Thomas car after the accident revealed that the right front wheel was turned outward to the right and the spindle bolt had been sheared off, thereby interfering with the steering equipment and control of the car.
The hole in question was one to one and one-half feet from the shoulder, from two to six inches deep, and about one foot wide. It had been raining for sometime prior to and at the time of the accident. The shoulder was soft, muddy and contained ridges. The holes were filled with water so that they could not be distinguished from the rest of the road. The visibility at the time and immediately prior was from 400 to 500 feet.
The hole involved herein had been in the road for many months. This section of the highway had been badly out of repair, full of holes at different locations and was in a dangerous and hazardous condition. The State had actual and constructive notice of this condition, and failed and neglected to correct it.
*255 The State has failed in its duty of reasonable care and such failure is negligence, which was the proximate cause of the accident.
Just prior to reaching the scene of the accident, claimant Thomas reduced his speed to 35-40 miles per hour, realizing that he was approaching the area which was out of repair. He had been over this section many times and knew of this particular hole, but did not remember its exact location. Upon striking the hole, the steering wheel went out of his hands, he let up on the accelerator and tried to keep the car from going into the ditch. As the car proceeded closer to. the embankment, the claimant-driver stepped on the accelerator in an effort to turn the car toward the pavement, at which time the car swung to the left, went ahead sideways until it rolled over three times.
Claimant Thomas did all that could be reasonably expected of him to avoid the accident and to prevent more serious or fatal consequences. His actions and performance were comparable to those expected of a prudent man under similar circumstances and conditions. He was free from contributory negligence.
Marion Gould and Earl Fitzpatrick were also free from contributory negligence.
As a result of this accident, the Thomas car was damaged, and the three claimants herein sustained serious personal injuries. It was stipulated at the trial that the damage to the Thomas car was $100.
Immediately after the accident, William Thomas, Jr., was in front of the car. He was helped to his feet by Earl Fitzpatrick, placed in another car, and remembered nothing until his arrival at the clinic in Baldwinsville, where he was treated by Dr. Hebblethwaite. His back and arms were X-rayed, after which he was transferred to Syracuse Memorial Hospital for further treatment. The X rays revealed a comminuted fracture of the olecranon process of the ulna of the left elbow. The tip of the elbow was completely separated and the small broken piece had to be removed by surgery. This operation was performed by Dr. E. C. Lockwood, an orthopedic surgeon, who also placed the tendons in a functioning position. The claimant had to wear a splint for two weeks. He suffered mild shock, a sprain of the sacrolumbar back, which had also been sprained in a prior accident in 1953. He suffered weakness in the tricep muscle and still has some weakness in such muscle, and pains at times in his back and left arm, especially when lifting, and headaches. He has had a good recovery, with no loss of elbow motion, good grip and complete range of motion in the shoulder. *256 The six-inch scar on the left elbow is well healed. He was disabled for three months, and then was limited to light work for four or five weeks. He wore a long cast and sling for six weeks. At the time of the accident, this claimant was unemployed, but prior thereto he worked on farms, in a garage, on construction job and at the Carrier Corporation plant, with earnings ranging from $30 to $56 per week. The actual disbursements due to his injuries totalled $421.18, including $16 for Dr. C. A. Hebblethwaite; $250 for Dr. R. C. Lockwood; and $155.18 for Syracuse Memorial Hospital.
Bari Fitzpatrick, like the other two occupants of the car, was unemployed and enroute to the Carrier Corporation in Syracuse to seek employment. He had been previously employed on construction work as a mason at $2.50 per hour. As a result of this accident, he sustained a two-inch laceration on the left leg which was closed by ten sutures, leaving a permanent level scar 2% inches long and about % of an inch in width. He also sustained brush burns on left elbow; neck and back were sprained. He suffered pain and still has trouble with occasional pains in neck and back, but otherwise he has made a satisfactory recovery. He was totally disabled for two weeks. The bill of Dr. C. A. Hebblethwaite, his attending physician, is $40.
Marion G-ould was 17 years of age at the time of the accident, and is now 20 years of age. Her husband is in the United States Navy. Mildred Snell was duly appointed her guardian ad litem, pursuant to an order signed by Hon. Stephen" M. Louhsbebby on April 28,1954. Marion G-ould had been employed as a store clerk and had worked in a restaurant. She was "last employed in the Lincoln Store in Syracuse, New York, on May 23, 1953, where she received 70 cents per hour. As a result of this accident, she sustained multiple cuts, lacerations and abrasions on the head, deep brush burns on both knees, injury to right foot, teeth were loosened, back sprain, and she suffered pain and discomfort, and became subject to frequent headaches. She was left with the following permanent scars, viz.: 3/8 inch long irregular scar below right eyebrow; 3/8 inch long irregular scar on forehead right of center, both scars are grayish in color; elevated keloid-type scar on right knee, 1-inch square with purplish appearance; small keloid-type purplish scar below right knee; a 3/8 inch by 1/4 inch scar on lateral aspect of left knee; a small scar above the left knee; and scars on the upper and lower lips.
Although claimant suffered a possible cerebral concussion, there are no apparent residuals. Her teeth have become firm. *257 At present, no further treatment is indicated, except possible X ray to reduce the elevated scars, but there is no guarantee of a satisfactory result of such treatment. After the accident, she was taken to Syracuse Memorial Hospital and, thereafter treated by Dr. Hebblethwaite, who submitted a bill for $96. The bill of Syracuse Memorial Hospital was $7.
The claimant, William Thomas, Jr., is entitled to an award and judgment against the State of New York in the sum of $4,300, for his injuries, pain, temporary and permanent disabilities, together with $421.18 for medical expenses; and $100 for his car, totaling $4,821.18.
Claimant Earl Fitzpatrick is entitled to an award in the sum of $1,000 for all his injuries, pain, suffering, temporary and permanent disabilities, together with $40 for medical expenses, amounting in all to $1,040.
Claimant Marion Could, an infant over fourteen years of age, by Mildred Snell, her guardian ad litem, is entitled to an award in the sum of $2,800 for all personal injuries, pain, suffering and damages sustained as a result of this accident, together with $103 medical and hospital disbursements, totaling $2,903.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered (Civ. Prac. Act, § 440).
Claimants and the State may submit proposed findings of fact and conclusions of law in 20 days.