Bussell GK Hunt, J.
This claim is to recover damages for personal injuries suffered by the claimant on August 10, 1953, at about 3:45 p.m., when his automobile struck a water-filled hole in State Highway No. 5 (also known as the Albany-Schenectady Boad) near the northeast corner of the intersection thereof with Sheppard Avenue, in the Town of Colonie, Albany County. The claim included a demand for damage to his automobile; however, there was a failure to present any evidence in this respect and that part of the claim was dismissed.
At the time of the accident, the pavement, about the water-filled hole, was broken over an area of about 3 feet long and 2 feet wide with a depth up to about 7 inches and was wet. It was raining at the time. The condition was a hazard and a danger to the users of the highway and was known to the State over a period of months. Efforts were made to repair the condition *439 by filling with blacktop on several occasions, but, each time the patch failed to hold. The hole had existed, as described above, for upwards of one month and the State had notice thereof. The State was remiss in its dutv (Fitzpatrick v. State of New York, 2 Misc 2d 253).
At the time, the claimant was driving his 1952 Hudson sedan automobile westerly at about 35 miles per hour on said highway as aforesaid, and, after striking the hole, went across the highway, out of control, and struck an eastbound automobile. The claimant was thrown from the car and rendered unconscious. At the hospital the admitting diagnosis (exhibit 6) was “ scalp lacerations and possible concussion the final diagnosis was ‘ ‘ concussion of brain-scalp laceration ’ ’ and his scalp was sutured. The hospital record also shows he suffered from a severe headache and he complained of “ soreness thruout the body — friction burn on left side ” and on the second day the pain had subsided; X rays of chest and head were negative; the “ extremities ” were negative. He was in the hospital for two days. Regarding prior history, exhibit 6 also shows that the claimant was in an automobile accident two years before (1951) and sustained an injury to his head and was unconscious for one hour; in that accident he received a laceration of the back of the head which left a scar. In April, 1953 he fell while at work and was hospitalized “ for back and leg injury at St. Clare’s since then he has had post occipital headaches ” (exhibit 6).
The evidence does not bear out the claim that the claimant sustained a left knee injury in the accident of August 10, 1953. It does, however, show that in other accidents at other times the left knee was injured, and, as well, that injuries to the head were sustained which caused headaches.
Following the 1951 accident, the claimant, while at work in Schenectady, New York, on April 13, 1953, fell and injured his head, left eye, right elbow, left knee and leg for which he was treated at St. Clare’s Hospital and thereafter he suffered from headaches. Following the accident herein, he drove to Texas, Florida and other places in a car with a clutch requiring the use of the left leg for shifting. In March, 1955 while at work in Florida he fell and sustained a contusion to the upper lip and the loss of five upper teeth. In October, 1955 he was in an automobile accident and injured his left knee and strained his neck. On June 1, 1957 the claimant was involved in another automobile accident and he testified that he received no personal injuries therein.
*440 In connection with his accident of April 13, 1953 and for the purposes of his claim before the Workmen’s Compensation Board, the claimant was examined by a specialist in orthopedic surgery on May 1, 1954, who reported (exhibit C) a finding of a minimal atrophy of the thigh arising out of that injury and accid mt, but, this was not of “ any clinical significance * * * objectively there is no evidence of disability at this time”; further, that X rays of the left knee “ were essentially negative for any evidence of bone or joint pathology”; that an operation or treatment was not indicated and the claimant was working “ and should continue to do so”. The Workmen’s Compensation Board made an award of 5% loss of use of the left leg and closed the case. The claimant’s attending physician herein (he was also the doctor for claimant’s employer, Aleo Products, Inc.) in a report thereafter (exhibit B, dated Sept. 23, 1957) stated that “ The left knee injury which was sustained at this plant on April 13, 1953, was treated at this Medical Bureau from the date of injury through February 17, 1954, and the ease was closed on September 8, 1954, with an award of 5% loss of the left leg ”.
Upon the trial herein, however, the attending physician endeavored to relate the treatment to the accident of August 10, 1953 upon the theory that the latter accident aggravated the prior existing knee condition which flowed from the accident of April 13, 1953 and that an operation upon the knee was required.
It is found, however, that the only injuries sustained by the claimant as a result of the accident of August 10, 1953 were a concussion of the brain and a three-inch scalp laceration leaving a scar in the hair on the left side near a scar resulting from the injury sustained in the 1951 accident. The scar is the only permanent injury he sustained. Plis disability covered a period of about four days and his lost wages amounted to $60; the hospital expense was $57.50; his attending physician, after he le it the hospital, was the company physician at the plant where he worked and there is no evidence of the payment of fees for medical services.
The said accident and injuries were the result of the negligence of the State and the claimant was not guilty of contributory negligence. He is entitled to a recovery as set forth in findings of fact and conclusions of law filed herewith.