Per Curiam.

The expert proof, upon which the Court of Claims decisions and the unanimous affirmance at the Appellate Division were predicated, was that the signs in place at the extremes of the 4.3-mile danger area were inadequate for a high speed, unlighted highway, and that, among other precautions, there were required successive warning signs, displaying specific speed limitations; flares or other lighting sufficient to reveal the extent and density of the smog; and a patrol adequate to observe and act upon changing conditions; and, finally, that when, as here, the visibility required reduction of speed to 5 or 10 miles per hour, the traffic upon the highway should have been escorted through the danger area and that portion of the highway closed. If any of these precautions be deemed extraordinary, so, indeed, was the danger, present and reasonably to be foreseen. The peril and the potentiality of serious accidents had existed for a number of days, during which time there had, in fact, occurred a number of relatively minor accidents, one of them involving Thruway equipment and personnel in the very process of taking protective measures. Further, this was not a case of variable and unpredictable weather merely, but a largely objective situation in which 17 fires burned for days in eight acres of the woodland and muckland areas of the Montezuma preserve bisected by the Thruway.
*764 On the day of the accident, a holiday, no Thruway patrol operated. The State Police patrol apparently consisted of one man who, an hour before the Harvey accident, finding the situation threatening enough to unveil the warning signs and light the flares in place beside them, called his dispatcher, who apparently did nothing; and later, when the smog was really rolling in, he called only his relief trooper and then departed the scene. One of the troopers who covered the Harvey accident that shortly occurred was dispatched two hours later to the accident that immediately preceded, and led to the Rindfleisch accident, during which two-hour period nothing was done to protect the westbound lanes in which that — the third — series of accidents eventually occurred.
Thus, the negligence of the Thruway Authority and the State was established. It was well within the province of the trier of the facts to find, as it did, that neither the deceased driver in the wrongful death case nor the passenger in the personal injury case was contributorily negligent.
The orders should be affirmed with costs.