■ Shirley Rohweller et al., Respondents, v State of New York, Appellant. (Claim No. 60901.) — Appeal from a judgment in favor of claimants, entered September 1, 1981, upon decisions of the Court of Claims (Koreman, J.; Lengyel, J.), after a bifurcated trial. These claims arise out of a one-car accident which occurred at the intersection of New Mill Road (County Route

43) and Route 9N-22 in the Town of Ticonderoga. Following a trial, the Court of Claims found that the State's negligent failure to rectify a hazardous condition at the intersection was the sole proximate cause of claimants' injuries and damages. The scene of the accident is a T-intersection. The stem of the T, New Mill Road, runs in an east-west direction with its western terminus located at its intersection with Route 9N-22. The latter route runs in a north-south direction and consists of three lanes. Signs facing westbound traffic on New Mill Road included a stop sign, a route intersection sign (directional marker assembly), and a "stop ahead" sign several hundred yards east of the stop sign. The directional marker assembly denoted the Route 9N-22 north-south crossing. It did not, however, indicate that New Mill Road concluded there. In addition, the State also maintained a large double arrow sign on the west shoulder of Route 9N-22, directly opposite New Mill Road. This sign consisted of two arrows pointing in opposite directions, signifying that New Mill Road ended at this juncture. On August 22, 1976 at 3:30 A.M., a motor vehicle driven by one Joseph Gilbo struck the double arrow sign and knocked it, together with several reflectors, guard posts and wires, to the ground. The two State troopers investigating the accident observed that the double arrow sign and the guard posts were down, but made no attempt to replace the sign or to notify the Department of Transportation that it had been leveled. At about 10:15 P.M. that night, nearly 19 hours after the Gilbo incident, claimant Shirley Rohweller, a vacationing Florida resident, approached the intersection driving westbound on New Mill Road. She had been through it only twice before, once in daylight as a passenger earlier on the day of the accident and once in 1973. After stopping at the stop sign, checking traffic to the left and right, and believing that New Mill Road continued westerly beyond the intersection, she proceeded directly across Route 9N-22 and over an embankment which existed just off the west shoulder of that road. On this appeal, the State disputes only the issue of liability, not the amount of damages awarded to the Rohwellers. We affirm. It is axiomatic that the State has a duty to construct and maintain its highways in a reasonably safe condition and to warn its users of existing hazards (*Hicks v State of New York*, 4 NY2d 1, 7; *Wingerter v State of New York*, 79 AD2d 817, 818). It is equally clear that State troopers have a duty upon discovering a hazardous situation on the State's highways to take precautionary measures to avoid impending danger (*Rindfleisch v State of New York*, 27 NY2d 762; *Peterson v State of New York*, 37 Misc 2d 931, affd 19 AD2d 860). Here, a perilous condition was present. The sole warning that this was a T-intersection consisted of the double arrow sign which the Gilbo vehicle had dislodged. Without this sign or some other adequate warning device, the intersection was not reasonably safe. It may well be, as the State contends, that the intersection could not be restored to its original status during the 18-hour span between accidents. This does not, however, excuse the failure of the troopers to construct or have constructed emergency warning devices alerting unsuspecting drivers that New Mill Road did not continue beyond the intersection. Eighteen hours, including the entire daylight hours of August 22, 1976, was an adequate period of time within which to take some precautionary measures (see *Rindfleisch v State of New York, supra*, p 764). Mrs. Rohweller's apparent failure to see the directional marker assembly is of little import. The assembly did not provide notice that New Mill Road ended there, but merely informed the driver that she was approaching an intersection with a north-south road known as Route 9N-22. Claimant was obviously aware she had reached an intersection, for she stopped and looked both ways before proceeding across. However, in the absence of the double arrow sign, there was nothing on this unlighted rural roadway to

caution her against continuing straight through the intersection. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.