*877 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The city having withdrawn any reliance on its Local Law No. 1 (1953) on the argument of this appeal, the issues essentially are reduced to two: (1) Was the evidence connecting Weber and, through it, Niagara Mohawk and UTEC with the accident sufficient to support verdicts against them? and (2) Was there enough proof that the city had notice of the defect on which to ground the finding that it was liable?
As to the first issue, as the case was presented, any liability on the part of Niagara Mohawk, UTEC or Weber hung on whether there was proof of the latter’s erection of the particular roadway blockade which diverted the plaintiff. Yet, the record contains no proof that it had done so. True, Weber had been working at Trinity Place for some months prior to the accident, during which time it had cordoned off the excavation site, but the uncontradicted testimony was that its activities there had ceased well in advance of plaintiff’s arrival on the scene and that, by then, at least two other contractors, Hanson Plumbing and Heating and Fane Construction Company, neither of whom was named as a defendant, had undertaken work in that area pursuant to permits granted directly to them by the city. In this context, the mere fact that a rolling machine bearing Weber’s name was seen in the general vicinity of the accident two days after it took place was not enough by and unto itself to establish that the barricades plaintiff found in the roadway were either owned or placed there by that defendant. In all, the evidence on which negligence on the part of these defendants could be grounded, at best, was speculative. It follows that the case against them stands properly dismissed (Kelly v Otis Elevator Co., 283 App Div 363, 367, affd 308 NY 805).
As to the second issue, we note that there was no direct proof of actual notice. But, since a negligent failure to discover a condition that should have been discovered can be no less a breach of due care than a failure to respond to actual notice (19 McQuillin, Municipal Corporations, § 54.109), on the record here it was within the province of the jury in its general verdict to have found constructive notice on the part of the city on alternative theories. For one, without more, the jury could have inferred from the depressed position of the *878 catch basin cover relative to the level of the adjoining pavement that the condition had come into existence over a sufficiently long period of time for the city, charged as it was with the duty to keep the public ways in good repair, to have discovered and corrected the condition; for instance, in Batton v Elghanayan (43 NY2d 898), we held that a jury could find constructive notice on the basis of its evaluation of photographs showing the condition of the concrete floor on which the plaintiff there had tripped. Or, if the jury chose to credit the testimony of the witness Johnson that he had observed the condition weeks before the accident, it could have reached the same conclusion on that account (see Putnam v Stout, 38 NY2d 607, 612). And, to supplement either of these rationales and add to the element of foreseeability, not only did the city’s issuance of a permit for the ongoing special street work itself afford an evidentiary foundation for a determination that it was or should have been aware of the danger, but it also was the occasion for the city’s field inspectors to visit the area regularly for some days prior to plaintiff’s mishap (see Putnam v Stout, supra, at p 612).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs to respondents Niagara Mohawk Power Corporation, UTEC Constructors, Inc., and Weber Construction Co. against appellants, in a memorandum.