■ CHARLES F. KLIMEK, Individually and as Father and Natural Guardian of PETER E. KLIMEK, an Infant, Respondent, v TOWN OF GHENT, Appellant, and COUNTY OF COLUMBIA, et al., Respondents.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered November 29, 1984 in Columbia County, which denied defendant

Town of Ghent's motion for summary judgment dismissing the complaint against it.

The facts in this case are set forth in *Klimek v Town of Ghent* (71 AD2d 359), where we denied plaintiff's motion to dismiss the affirmative defense of lack of compliance with Local Law, 1976, No. 1 of Town of Ghent (requirement for prior written notice of condition complained of) and held the local law to be constitutional. The case is before us again on this appeal by defendant Town of Ghent from Special Term's denial of its motion for summary judgment dismissing the complaint because it had not received the written notice required by said Local Law No. 1. Briefly, plaintiff commenced this action against the town and other defendants to recover damages for personal injuries sustained by his then infant son on July 19, 1978, when a tractor operated by the infant on a town road allegedly ran onto the shoulder striking first a culvert, then a tree, and went down an embankment. The complaint alleges that the town was negligent in designing, creating, constructing, establishing, repairing, reconstructing and maintaining the road, shoulder, drainage system and appurtenances thereto.

Plaintiff does not contend that he ever gave the prior written notice, but both he and the other defendants urge distinct grounds to support Special Term's denial of the town's motion. The Town Superintendent of Highways testified at his deposition that no records of notices were kept by him or his predecessors prior to 1980, thus creating a factual issue as to whether any written notice was received.* Moreover, when a municipality has or should have knowledge of a defective or dangerous condition because it either has inspected or is performing work upon the subject area shortly before the accident, an exception to statutory prior written notice requirements may exist *(see, Holt v County of Tioga*, 95 AD2d 934, 936, *appeal dismissed* 60 NY2d 701; *see also, Blake v City of Albany*, 63 AD2d 1075, *affd* 48 NY2d 875). Here, evidence obtained in pretrial disclosure created a triable issue of fact as to whether town employees may have inspected the road shortly before the accident, thereby triggering the exception found in *Blake v City of Albany (supra)*. Finally, plaintiff's opposing papers adequately presented a triable issue of fact as

---

* Local Law No. 1 provides that notice of defective or unsafe conditions shall be given to the Town Clerk or the Town Superintendent of Highways. The Superintendent shall forward notices received by him to the Town Clerk within five days. The Town Clerk shall keep accurate records of all notices received.

to whether the town was guilty of negligence in constructing the culvert, an affirmative act of negligence for which it could be held liable even absent prior written notice *(see, Haviland v Smith,* 91 AD2d 764). Since the drastic remedy of summary judgment should be denied if material issues of fact either exist or even arguably exist, we cannot say that Special Term erred *(see, Bershaw v Altman,* 100 AD2d 642, 643).

Of the town's remaining arguments, only one requires comment. The town contends that even if it was negligent in the original installation of the culvert, such negligence was not the proximate cause of the accident and resultant injuries. The record contains proof that the installation may have been negligent and caused eventual collapse of the road shoulder. This evidence was sufficient to create a triable issue of fact as to whether such negligence was the proximate cause of the accident. We find *Tomassi v Town of Union* (46 NY2d 91), upon which the town heavily relies, to be inapposite. That case involved a two-car collision resulting in one car being propelled off the roadway into an adjacent drainage ditch. In the one-vehicle accident in the instant case, it is alleged that the negligent construction of the culvert by the town caused erosion of the road shoulders which in turn caused the accident. A municipality which provides a shoulder along a roadway must maintain that shoulder in a reasonably safe condition for foreseeable uses, including its use resulting from a driver's negligence *(Bottalico v State of New York,* 59 NY2d 302, 304; *Sevilla v State of New York,* 111 AD2d 1046).

Order affirmed, with one bill of costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.