OPINION OF THE COURT
Harold J. Hughes, J.
The defendant City of Albany moves for summary judgment dismissing the complaint as against it, and the plaintiff cross-moves for an order dismissing the first affirmative defense in the city’s answer, or compelling it to provide access to certain municipal records.
The action is to recover for personal injuries and derivative loss allegedly sustained by the plaintiffs on August 30, 1982, when Mary Fusco fell while walking upon a city sidewalk. The city’s amended answer pleads a first affirmative defense that plaintiffs have not complied with Local Laws, 1953, No. 1 of City of Albany which bars a civil action for injuries arising from a defect in a sidewalk unless the city’s Commissioner of Public Works receives written notice of the defect prior to the incident. The city contends that a search of its records discloses no such prior written notice in this case. Plaintiffs oppose the motion, arguing that their attorney has been denied access to the city’s records as to what notice, if any, was received. The city admits denying plaintiffs’ attorney access but contends that since a note of issue has been filed no further discovery is permitted. Furthermore, the Corporation Counsel accuses plaintiffs’ attorney of unethical conduct in contacting city employees while pursuing a Freedom of Information request, without first clearing the request with the Corporation Counsel. Finally, plaintiffs cross-move to dismiss the first affirmative defense for lack of merit under the principles discussed by the Third Department in Blake v City of Albany (63 AD2d 1075, affd 48 NY2d 875).
On October 24, 1986, Richard J. Sherwood, a citizen, working on plaintiffs’ behalf, contacted the city’s Department of Public Works for access to its records under the Freedom of Information Law (Public Officers Law § 84 et seq. [FOIL]). Following what is apparently city policy, a Ms. Watson denied Mr. Sherwood access to the records and advised him to contact the Law Department. In his reply affirmation of December 2, 1986, Assistant Corporation Counsel James J. Bertini takes the position that Mr. Sherwood’s action was improper because *100 a note of issue had been filed in the action by the Fuscos against the city, and goes on to allege in paragraph 5 that: "[SJuch action by the plaintiffs attorneys constitutes a violation of professional ethical standards established by law which prohibit communication between a lawyer and the opposing party when that party is represented by counsel.”
The Corporation Counsel’s position evinces a fundamental misunderstanding of the Freedom of Information Law, controlling precedent of the Court of Appeals, and the Code of Professional Responsibility governing a lawyer’s ethical activity.
The Freedom of Information Law was enacted in 1977 and, as Mr. Justice Weiss succinctly stated, through it "the Legislature expressed its intent * * * that government is the public’s business and that the public, individually and collectively * * * should have unimpaired access to the records of government” (Matter of Zanger v Chinlund, 106 Misc 2d 86, 87). The law was designed to prevent instances such as noted by Mr. Justice Kahn in his unreported decision in Grondahl v City of Albany (Sup Ct, Albany County, July 19, 1985), wherein the Commissioner of Public Works, Harry F. Maikels, physically assaulted and evicted a member of the public attempting to examine the department’s records. The law requires that a municipal government, such as the City of Albany, adopt written regulations, in compliance with any rules promulgated by the State Committee on Open Government, which set forth the procedure under which a department or agency’s records may be obtained (Public Officers Law § 87 [1] [a]): Article VII of the Code of the City of Albany sets forth its rules and regulations concerning inspection of public records. Apparently, the rules have not been revised since 1973 as required by Public Officers Law § 87, resulting in some portions of the Code conflicting with the Freedom of Information Law.* In any event, section 1-665 of the Code of the City of Albany provides: "The Common Council deems it in the best interests of the public that inspection of public records and documents be permitted subject to reasonable rules and regulations”.
*101 Section 1-667 (g) of the Code provides: "All requests for inspection of records shall be made by an applicant to the appropriate department head”. Therefore, the procedure followed by Ms. Watson of referring all requests for documents to the Law Department is in violation of the procedure adopted by Albany’s Common Council.
The next error on the part of the Corporation Counsel is the belief that the filing of a Trial Term note of issue and statement of readiness in an action against the city bars resort to the Freedom of Information Law to obtain information. While older cases support that view (Brady & Co. v City of New York, 84 AD2d 113, lv dismissed 56 NY2d 711), the Court of Appeals in Matter of Farbman & Sons v New York City Health & Hosps. Corp. (62 NY2d 75) determined that a person’s right to obtain government records under the Freedom of Information Law is not affected even if he or she is a litigant in an action against the governmental body. Judge Kaye wrote: "When, as here, a government agency is involved in litigation, is its adversary, for purposes of access to the agency’s records, a litigant governed by article 31, or a member of the public under FOIL? Recognizing that compelling policy considerations support either position, we hold that FOIL’S mandate of open disclosure requires that an agency’s public records remain as available to its litigation adversary as to any other person” (Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 76, 80-81, supra).
Consequently, plaintiffs’ agent has a right to inspect the Department of Public Works records concerning prior written notice of defects, despite the pendency of this litigation and its place on the Trial Calendar.
The next area where the Corporation Counsel is in error is his contention that Code of Professional Responsibility, DR 7-104 (A) (1) prohibits an attorney for a litigant suing a governmental body from communicating with employees of that governmental body for the purpose of examining public records under the Freedom of Information Law. The disciplinary rule provides:
"During the course of his representation of a client a lawyer shall not:
"(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.”
*102 The key language is that permitting an attorney to directly contact an adverse party when "authorized by law to do so.” The Freedom of Information Law is a law authorizing such direct contact without the prior consent of the government’s lawyer. Any other construction would thwart the legislative intent behind FOIL and run counter to the Court of Appeals rationale in Matter of Farbman & Sons (supra).
Turning to the cross motion to dismiss the city’s first affirmative defense, plaintiffs rely upon the Third Department decision in Blake v City of Albany (63 AD2d 1075, affd 48 NY2d 875, supra). Blake involved a plaintiff injured when the car she was operating struck a catch basin from which the cover was missing. Niagara Mohawk had been doing construction work upon the street where the accident occurred. The repair was pursuant to a city permit and a city inspector was checking the street daily to insure that it was safe for passage. In rejecting the city’s contention that it had no actual or constructive notice of the defect, and that its prior written notice law had not been complied with, the Appellate Division (at p 1076) stated: "Moreover, a resident near Trinity Place testified that he traveled the street daily and had been aware that the subject catch basin was six to eight inches below grade since before May 25, 1973, a date a month and one-half previous to the accident. Under these circumstances, it is obvious that the city’s inspectors should have discovered the defect long before plaintiff’s mishap, and, accordingly, the jury was justified in concluding that the city had, at minimum, constructive notice of the dangerous condition. As for the city’s additional contention that it should not be held liable because it had not received written notice of the condition prior to the accident as required by Local Law No. 1 of the Local Laws of 1953 for the City of Albany, this must similarly be rejected. Such notice provisions are enacted to insure that a municipality has a 'reasonable opportunity to cure defective conditions, the existence of which it could not be expected to know absent some sort of positive apprisal’ * * * Here, given the facts set forth above and, most notably, the almost daily inspection of the area by the city, there was plainly no need for any apprisal and the city had a nondelegable duty to maintain Trinity Place in a safe condition for the traveling public”.
The Blake case carved out a narrow exception to the general rule that there must be compliance with a municipality’s prior written notice law. The Blake exception was explained *103 by the Third Department in Klimek v Town of Ghent (114 AD2d 614, 615) as: "[W]hen a municipality has or should have knowledge of a defective or dangerous condition because it either has inspected or is performing work upon the subject area shortly before the accident, an exception to statutory prior written notice requirements may exist”. There is no affidavit in this record setting forth whether the city performed work upon the accident area or inspected it shortly before the occurrence. For that matter, there is no affidavit by anyone with personal knowledge describing how the accident occurred, or what the allegedly defective condition consists of. Summary judgment is not warranted to either party upon this sparse record.
The relief sought in the cross motion under CPLR 3124 is not available to plaintiffs. The section authorizes a court to direct disclosure when a party has failed to comply with discovery demanded under CPLR article 31. There is no outstanding article 31 discovery demand against the city. Moreover, once a Trial Term note of issue and statement of readiness have been filed, discovery under the CPLR is no longer available except upon a showing of special circumstances, which has not been made here.
However, plaintiffs are not without a remedy. CPLR 103 (c) permits a court to convert a civil judicial proceeding brought in the wrong form to the proper form. Plaintiffs’ proper remedy is a CPLR article 78 proceeding for a judgment compelling the City of Albany to comply with FOIL by permitting Mr. Sherwood to inspect the records that the Department of Public Works maintains concerning prior written notice of defects in city sidewalks. The written regulations of the city do not provide an administrative remedy for a citizen denied a FOIL request. Consequently, this court will convert the cross motion, to the extent necessary, to an article 78 proceeding and grant plaintiffs judgment. The city’s motion for summary judgment will be denied at this juncture, without prejudice to renewal after it has given plaintiffs’ agent access to the appropriate records.
The motion of the defendant City of Albany for summary judgment dismissing the complaint will be denied, without prejudice to renewal after the city has made the prior written notice records maintained by the Department of Public Works available to the plaintiffs. The cross motion of the plaintiffs for an order pursuant to CPLR 3124 will be converted to an *104 article 78 proceeding and a judgment will be granted, without costs, directing the City of Albany to permit plaintiffs’ agent to inspect the records maintained by the Department of Public Works concerning prior written notice of defects in city sidewalks. In all other respect, the cross motion is denied.

 For instance, the provision of section 1-667 (c) requiring that a person seeking to inspect a record must be a taxpayer or registered voter and explain on an application his or her interest in the record sought to be inspected violates the Freedom of Information Law. Any member of the public is entitled to examine public records, irrespective of whether he or she is a registered voter or taxpayer, and the motive can be idle curiosity (Matter of Dwyer, 85 Misc 2d 104).