## Erna Ferris, Respondent, v County of Suffolk, Defendant, and Town of Brookhaven, Appellant.

Second Department, January 15, 1992

APPEARANCES OF COUNSEL

*Curtis, Zaklukiewicz, Vasile, Devine & McElhenny (Michael G. Mehary* of counsel), for appellant.

*Lupow & Bezack (Stephen Lupow* on the brief), for respondent.

## OPINION OF THE COURT

BALLETTA, J.

There is no uniformity in notice laws involving actions against municipalities. There are separate and different notice requirements in the County Law, Town Law, city charters, and various local laws. Municipal tort liability and the applicability of prior written notice statutes is a recurring issue, and this case presents a scenario which requires clarification of existing case law.

The plaintiff herein was injured while she was walking with three other people, two abreast of her and one behind her, on the Fire Island Ocean Walk boardwalk. She claimed that a board in the walkway was loose so that when one of her friends stepped on the loose plank causing it to lift up, she simultaneously stepped into the gap left by the uplifted board, breaking her ankle. The Town moved for summary judgment dismissing the complaint insofar as it is asserted against it on the ground that the plaintiff had failed to plead and prove prior written notice of the claimed defect as a condition precedent to bringing a civil suit against it. The Supreme Court denied the Town's motion, on the ground that there was a question of fact as to whether the defective area was inspected or worked upon which would then bring this case within a narrow exception to the prior written notice requirement. We disagree.

Town Law § 65-a provides for "Liability of towns and town superintendents of highways in certain actions". Subdivision (1) is specifically addressed to "injuries to persons or property sustained by reason of any highway, bridge or culvert being defective, out of repair, unsafe, dangerous or obstructed". Although this subdivision involving highways requires written notice of a defect as a predicate for the commencement of a civil action, there is further statutory authority within the subdivision which permits the commencement of a civil action where "such defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable

care and diligence"—in essence, allowing a civil action where there is constructive notice. Town Law § 65-a (2), dealing with civil actions to recover damages for injuries to persons or property sustained by reason of sidewalk defects, also requires written notice as a prerequisite to commencement of any civil action, but differs from subdivision (1) in that it contains no language which allows the commencement of a civil action if the condition has existed for such a long period that the town should have discovered and remedied the defect. In short, there is no constructive notice provision in subdivision (2). The Legislature has clearly fashioned a distinction between highways and sidewalks in towns by omitting the constructive notice provision with respect to defective sidewalks. A board-*walk* is generally for pedestrian use, and therefore is similar in nature to a side*walk (Donnelly v Village of Perry,* 88 AD2d 764, 765; *Goldstein v City of Long Beach,* 28 AD2d 558).

Brookhaven Town Code § 84-1 requires prior written notice as a condition precedent to bringing an action against the Town for personal injuries arising from the defective condition of "any * * * sidewalk, crosswalk or other property or lands of the Town of Brookhaven". The ordinance is equally applicable to the boardwalk herein *(see, Englehardt v Town of Hempstead,* 141 AD2d 601; *Kotler v City of Long Beach,* 44 AD2d 679, *affd* 36 NY2d 774). Such a prior written notice law insulates the town from liability for defects which are the result of nonfeasance *(see, Barry v Niagara Frontier Tr. Sys.,* 35 NY2d 629; *Pittel v Town of Hempstead,* 154 AD2d 581), in that its purpose is "to exempt the [Town] from liability for holes and breaks of a kind which do not immediately come to the attention of the [Town] officers unless they are given actual notice thereof" *(Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 366; *see also, Hughes v Jahoda,* 75 NY2d 881; *Levine v Sharon,* 160 AD2d 840, 842). Absent prior written notice, the Town may be held responsible only for affirmative acts of negligence *(see, Zinno v City of New York,* 160 AD2d 795; *Parella v Levin,* 111 AD2d 750).

In support of its motion for summary judgment, the Town tendered evidentiary proof in admissible form, consisting of an affidavit of the Town Clerk, which indicated that the Town had no record of any written notice with respect to the subject defect in the boardwalk. It was, therefore, incumbent upon the plaintiff, in opposition to the Town's motion, to come forward with sufficient proof to create a triable issue of fact *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065;

*Goldston v Town of Babylon,* 145 AD2d 534; *Zigman v Town of Hempstead,* 120 AD2d 520). In the instant case, the plaintiff failed to come forward with proof that prior written notice of the loose plank had been given to the Town Clerk.

Moreover, there is no proof that the Town was affirmatively negligent. Indeed, the only evidence addressing the issue of affirmative negligence was an engineer's report which stated that it appeared that galvanized, rust-resistant nails had not been used exclusively on the boardwalk. However, this report, based upon an examination of the boardwalk made some three to four months after the incident, did not indicate any negligence on the part of the Town, especially in the face of the unequivocal testimony of the Town Maintenance Foreman that prior to the date of the accident, only hot-tipped galvanized nails were used, and that sometimes other people, such as surveyors, put their own nails in the boards.

In denying the Town's motion for summary judgment, the Supreme Court relied on a narrow exception to the statutory prior written notice requirement that "when a municipality has or should have knowledge of a defective or dangerous condition *because it either has inspected or is performing work upon the subject area shortly before the accident,* an exception to statutory prior written notice requirements may exist" *(Klimek v Town of Ghent,* 114 AD2d 614, 615 [emphasis added]; *see also, Kirschner v Town of Woodstock,* 146 AD2d 965, 967; *Holt v County of Tioga,* 95 AD2d 934, 936; *Blake v City of Albany,* 63 AD2d 1075, *affd* 48 NY2d 875). However, these cases are distinguishable and are inapplicable to the facts herein.\*

In the earliest of these cases, *Blake v City of Albany (supra),* the plaintiff was injured when her car struck a hole which had been created by a broken or missing catch basin cover. At the time of the accident, there was ongoing construction on the street pursuant to a city permit, and a city inspector would check the project "practically every day" to ensure that the street was safe for the passage of other users. Further, a resident who lived nearby and who used the street on a daily basis testified that he had been aware for at least a month and a half before the accident that the catch basin was six to

---

\* It should be noted that while the decisions in *Kirschner v Town of Woodstock* (146 AD2d 965, *supra)* and *Holt v County of Tioga* (95 AD2d 934, *supra)* refer to the decision in *Blake v City of Albany* (63 AD2d 1075, *affd* 48 NY2d 875, *supra),* those decisions also pointed out that *Blake* did not apply to the situations being decided.

eight inches below grade. The court held that under these circumstances it was "obvious that the city's inspectors should have discovered the defect long before plaintiff's mishap, and, accordingly, the jury was justified in concluding that the city had, at minimum, constructive notice of the dangerous condition" *(Blake v City of Albany, supra,* at 1076). The court also rejected the city's argument that the prior written notice ordinance was applicable: "Such notice provisions are enacted to insure that a municipality has a 'reasonable opportunity to cure defective conditions, the existence of which it could not be expected to know absent some sort of positive apprisal' *(Jagoda v City of Dunkirk,* 43 AD2d 795, 796). Here, given the facts set forth above and, most notably, the almost daily inspection of the area by the city, there was plainly no need for any apprisal and the city had a nondelegable duty to maintain Trinity Place in a safe condition for the traveling public" *(Blake v City of Albany, supra,* at 1076).

*Blake v City of Albany (supra)* is clearly inapplicable. The notice provisions of Town Law § 65-a (2) and the Brookhaven Town Code are controlling here. Thus, constructive notice is inappropriate as a predicate for the commencement of a civil action. Further, the defect in question in *Blake* was on a well-traveled portion of a public highway, where there was almost daily inspection. The defect was patent and the city was charged with the responsibility of seeing that which was there to be seen. The boardwalk in this case had a latent defect which was not readily observable. Thus, the fact that inspectors walked the boardwalk from time to time does not raise an issue of fact as to whether the Town had actual notice of the defect.

In *Klimek v Town of Ghent* (114 AD2d 614, *supra),* the infant plaintiff was injured when the tractor he was operating on a Town road ran into a depression on the shoulder, and, after striking a culvert and a tree, ran down an embankment. Not only was there a triable issue of fact as to whether the Town had received any written notice of the condition, there was also "a triable issue of fact as to whether town employees may have inspected the road shortly before the accident, thereby triggering the exception found in *Blake v City of Albany"* *(Klimek v Town of Ghent, supra,* at 615). There was a further question of fact as to whether the Town was affirmatively negligent, i.e., whether the culvert which had caused the depression had been negligently constructed by the Town. None of these factors is present herein.

The common element in both *Blake (supra)* and *Klimek (supra)* is the obvious and open nature of the alleged defect—a catch basin some six to eight inches below street grade *(Blake v City of Albany, supra)*, and a depression in the shoulder of the road above a culvert *(Klimek v Town of Ghent, supra)*. This common element is missing in the case at bar; there is no obvious and open defect. Indeed, the alleged defect herein, a loose board, is one which is not readily observable upon a visual inspection of the boardwalk. Rather, the defect could only be detected if one stepped upon that particular board.

More importantly, neither *Blake (supra)* nor *Klimek (supra)* should be read as carving out a broad exception to the general rule that prior written notice is a condition precedent to liability on the part of a municipality. Rather, both cases simply represent a limited exception to the written notice requirement which has two elements, namely, (1) an inspection by municipal employees for the purpose of discovering defects, and (2) the existence of a patent defect which by the ordinary use of their senses the employees ought to have discovered. In such cases notice of the defect will be charged to the municipality even though it was not in writing. The mere fact that inspections were performed in *Blake* and *Klimek* in and of itself, did not constitute notice; it is the combination of an inspection and an open and obvious defect that gives rise to notice in those cases.

Notice can be either actual or constructive. It is well settled that in order to constitute constructive notice, "a dangerous condition *must have been visible and apparent* and must have existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Lesser v Manhattan & Bronx Surface Tr. Operating Auth.,* 157 AD2d 352, 357 [emphasis added]; *see also, Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Gillooly v County of Onondaga,* 168 AD2d 921, 922; *Buccellato v County of Nassau,* 158 AD2d 440, 441-442). In both the *Blake (supra)* and *Klimek (supra)* cases, the allegedly dangerous conditions were easily visible and apparent upon visual inspection, and had existed for a sufficient length of time prior to the accident to allow the defendants' employees, who, contemporaneously with the accidents, had inspected the sites for the purpose of discovering just such defects, to discover and remedy them. Accordingly, in those cases a question of fact was presented as to whether the municipalities had either actual or constructive notice of the defects *(see also, Karten v City of*

*New York,* 109 AD2d 126, 127-128; *Rinaldi v State of New York,* 49 AD2d 361, 364).

It should be further noted that *Klimek (supra)* involved a public highway which would fall under Town Law § 65-a (1), permitting constructive notice, whereas the defect in this case was on the boardwalk which is similar in nature to a sidewalk and falls under the provisions of Town Law § 65-a (2), which does not contain a provision allowing for constructive notice.

In any case, constructive notice will not be imputed where the defect is latent, i.e., where, as here, the defect is of such a nature that it would not be discoverable even upon a reasonable inspection *(see, Harris v Village of E. Hills,* 41 NY2d 446, 450; *Pittel v Town of Hempstead,* 154 AD2d 581, 583, *supra; Ryan v City of New York,* 83 AD2d 574). Furthermore, it is well established that "the failure to make a diligent inspection constitutes negligence only if such inspection would have disclosed the defect" *(Monroe v City of New York,* 67 AD2d 89, 96; *Pittel v Town of Hempstead, supra).*

In the instant case, a Town employee testified at his examination before trial that while someone "usually" or "ordinarily" made a visual inspection (he did not step on every board) of the one-mile length of the boardwalk once a week, he could not say when the boardwalk was last inspected before the accident. He was positive, however, that the boardwalk had been inspected sometime before the July 4, 1985 holiday (the accident occurred on July 14, 1985). Indeed, the employee's work diary did not indicate any repairs to the boardwalk between June 22, 1985 and July 15, 1985 and a repair performed on June 22, 1985 was at some unspecified location unrelated to the accident.

The evidence in this case is insufficient to bring it within the *Blake (supra)* and *Klimek (supra)* exception to the prior written notice requirement of Town Law § 65-a (2). There is no evidence that the condition, one loose plank out of many, was so patently defective that a Town employee must have been put on notice of the potential danger *(see, Gurriell v Town of Huntington,* 129 AD2d 768, 770; *cf., Gaines v Long Is. State Park Commn.,* 60 AD2d 724), or that it should have been discovered upon the visual inspection of the boardwalk. Furthermore, the mere fact that repairs were made at other unspecified locations on the boardwalk would not be sufficient to place the Town on notice of the particular defect that caused the accident herein *(see, Michela v County of Nassau,*

176 AD2d 707; *O'Rourke v Town of Smithtown,* 129 AD2d 570; *Holt v County of Tioga,* 95 AD2d 934, *supra).*

Accordingly, the order is reversed insofar as appealed from, on the law, with costs, and the Town's motion for summary judgment dismissing the complaint insofar as it is asserted against it is granted.

KUNZEMAN, J. P., HARWOOD and EIBER, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as it is asserted against the Town of Brookhaven.