■ LORETTA GIGANTI, Respondent, v TOWN OF HEMPSTEAD et al., Appellants, and GIOVANNI PICCITTO et al., Respondents.— In a negligence action to recover damages for personal injuries, the defendants the Town of Hempstead and the Incorporated Village of Rockville Centre separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated August 21, 1990, as denied their respective motions for summary judgment dismissing the complaint insofar as it is asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff.

The plaintiff Loretta Giganti commenced this negligence action against the defendants to recover damages for personal injuries she allegedly sustained on September 20, 1985, when she fell as a result of an allegedly defective sidewalk. The municipal defendants, the Town of Hempstead and the Incorporated Village of Rockville Centre, separately moved for summary judgment dismissing the complaint insofar as it is asserted against each of them, on the ground that they had not received prior written notice of the allegedly defective condition of the sidewalk (*see,* Code of Town of Hempstead ch 6-3; Code of Incorporated Village of Rockville Centre § 341-a; *see also,* Town Law § 65-a; Village Law § 6-628).

The plaintiff opposed the motions by submitting numerous memoranda and letters exchanged between the appellants which indicated that, between 1983 and 1986, they had entered into two agreements, pursuant to which they improved the drainage system which included the area of the accident and replaced the pavement, curbs, and sidewalk at the location. The plaintiff provided evidence that, on September 9, 1985, the Town submitted specifications to the Village concerning the specific sidewalk which the Town wanted installed at the location where the accident occurred. She also submitted a photograph taken "within days" after her fall, which indicated that the appellants' inspectors had made white markings in the area for "new curbs".

The Supreme Court determined that under the circumstances presented, the prior written notice statutes and ordinances upon which the appellants relied were inapplicable.

The court noted that, under the joint municipal improvement project, the Village had replaced certain sidewalks at the request of the Town and that actual physical inspections of the area were made immediately prior to the plaintiff's fall.

We agree with the Supreme Court's determination. Pursuant to Village Law § 6-628 and Town Law § 65-a, and the applicable municipal ordinances, prior written notice is a condition precedent to maintaining an action against a village or a town arising from a sidewalk defect, and it must be pleaded and proved (see, Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362; Real v Town of Huntington, 175 AD2d 116; Monteleone v Incorporated Vil. of Floral Park, 143 AD2d 647, affd 74 NY2d 917). However, failure to comply with the "notice" statute is excused "when a municipality has or should have knowledge of a defective or dangerous condition because it either has inspected or is performing work upon the subject area shortly before the accident" (Klimek v Town of Ghent, 114 AD2d 614, 615; see also, Ferris v County of Suffolk, 174 AD2d 70; Blake v City of Albany, 63 AD2d 1075, affd 48 NY2d 875).

At bar, the plaintiff contends that the appellants had or should have had knowledge of the allegedly defective and dangerous condition because, pursuant to the betterment agreements, they had inspected and performed work upon the subject area shortly before the accident and that the work had continued even after the accident. The appellants' contention that no work was performed in the specific area where the accident occurred is of no avail. Indeed, the various memoranda generated by the appellants with respect to the projects, which are contained in the record, show that the improvements undertaken included that area. The plaintiff submitted sufficient proof in admissible form to show that, under these circumstances, the prior written notice statutes and ordinances are inapplicable. Consequently, the Supreme Court properly denied the appellants' motions (see, Klimek v Town of Ghent, supra; Blake v City of Albany, supra).

We further find that the Supreme Court properly denied the motion of the appellant Village. The Village's claim that the site of the accident was not within its geographical boundaries was rejected on a previous motion for summary judgment, and no new evidence was presented regarding the issue in the motion at bar. "Multiple summary judgment motions in the same action should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause"

*(La Freniere v Capital Dist. Transp. Auth.,* 105 AD2d 517, 518; *see also, Dillon v Dean,* 170 AD2d 574). Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.