■ KAREN K. PETERS, Respondent, v CITY OF KINGSTON, Appellant, and NANCY CHEVALIER, Respondent, et al., Defendants. [605 NYS2d 527] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered August 7, 1992 in Ulster County, which denied a motion by defendant City of Kingston for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff brought this action to recover for injuries sustained when she fell, assertedly because of a sidewalk defect, in the City of Kingston, Ulster County. After issue was joined and some discovery completed, defendant City of Kingston moved for summary judgment dismissing the complaint and cross claims against it on the ground that no previous written notice of the defect had been received by the City, as required by the City charter. Plaintiff and defendant Nancy Chevalier —who owned the premises when work on the sidewalk was performed, and is charged with allowing an unsafe condition to exist thereon—submitted deposition excerpts in opposition to the motion. Finding a question of fact with regard to whether the City had affirmatively created the dangerous condition, Supreme Court denied the requested relief. The City appeals.

In support of its motion, the City submitted the affidavit of the Superintendent of its Board of Public Works which establishes that no written notice of the defect had been received by the City prior to the accident. This is sufficient to shift the burden to plaintiff, who, to withstand summary judgment, was obliged to either demonstrate the existence of a triable issue of fact with respect to receipt of notice or proffer some evidence that the City affirmatively created the defect, which renders written notice unnecessary (see, Ferris v County of Suffolk, 174 AD2d 70, 72; Fezza v Rogers, 167 AD2d 599, 600). Plaintiff has done neither.

The record indicates that, in December 1989, defendant Lowe Plumbing, Heating & Air Conditioning, Inc. obtained an excavation permit from the City for the purpose of effecting repairs on underground water or sewer lines in the immediate vicinity of plaintiff's subsequent fall. Excavation of the street, and some portion of the sidewalk as well, was performed in connection with this work. After the plumbing work was complete and had been inspected by the City plumbing inspector, the excavation was closed and City employees proceeded

to repave the street adjacent to the sidewalk. According to the Superintendent, repair of the sidewalk was considered the responsibility of the contractors, not the City.

In an attempt to raise a question of fact with regard to the City's affirmative negligence, plaintiff submitted excerpts from the Superintendent's deposition in which he admitted that the City had issued the permit, inspected the underground plumbing work and repaved the street. Noticeably lacking, however, is any proof connecting these actions with the condition of the sidewalk. There is no evidence establishing when the defect first appeared or that it was "visible and apparent" when City employees were working at the scene (cf., Ferris v County of Suffolk, supra, at 75). Nor is there any showing made that the paving work performed by the City actually caused the defect, or even that it might have done so (compare, Gormley v County of Nassau, 150 AD2d 342). Accordingly, summary judgment should have been granted in favor of the City.

Mikoll, J. P., Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant City of Kingston, and complaint and all cross claims dismissed against said defendant.