■ KIMBERLY A. KRACH, Respondent, v TOWN OF NASSAU, Appellant, et al., Defendant. [629 NYS2d 104] —Casey, J. Appeal from an order of the Supreme Court (Canfield, J.), entered August 24, 1994 in Rensselaer County, which denied defendant Town of Nassau's motion for summary judgment dismissing the complaint against it.

At issue in this negligence action is whether plaintiff, who concedes lack of compliance with the relevant prior written notice requirement for highway defects in defendant Town of Nassau in Rensselaer County, submitted sufficient evidence as the opponent of the Town's motion for summary judgment to raise a triable issue of fact in her attempt to demonstrate that this case falls within an established exception to the prior written notice requirement. This Court recognizes that a lack of statutorily mandated prior written notice will be excused if the injured party shows "not only that the defect at issue was readily apparent * * * but also that the municipality had, shortly before the accident, either inspected the subject area for the purpose of discovering such defects or performed work thereon" (*Jackson v City of Mount Vernon*, 213 AD2d 892-893 [citation omitted]; *see, Klimek v Town of Ghent*, 114 AD2d 614, 615; *Blake v City of Albany*, 63 AD2d 1075, *affd* 48 NY2d 875).

In opposition to the Town's motion for summary judgment, plaintiff submitted evidence to demonstrate that the potholes which caused or contributed to the accident were readily apparent, that the Town's Superintendent of Highways was aware of the condition of the road and traveled it on a weekly basis to determine the need for repairs, and that pothole repairs had actually been made three weeks prior to the accident and again less than one week prior to the accident. If proven at trial, these facts fall within the narrow exception so that the prior written notice requirement is inapplicable (*see, Giganti v Town of Hempstead*, 186 AD2d 627, 628). The road work in this case was not merely routine maintenance which would not necessarily disclose the defective condition that caused or contributed to plaintiff's injuries (*see, Gaddy v City*

*of New York*, 184 AD2d 548). Rather, the work consisted of specific repairs to prevent the precise danger that allegedly caused or contributed to plaintiff's injuries, i.e., potholes. The Town does not dispute that the repair work was done in the immediate vicinity of the accident and that repairs to the road were required on a regular basis because of the recurring nature of the potholes in that area. Supreme Court's order should therefore be affirmed.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.