■ THEODORE G. EPPENSTEIN, Appellant, v TOWN OF GREENBURGH, Respondent. [643 NYS2d 711] —Mercure, J. P.

Plaintiff sustained the injuries forming the basis for this ac-

tion in September 1990, when the front wheel of his bicycle became entrapped within an approximately three-inch wide and three-inch deep gap that extended along the centerline and between the two concrete driving lanes of Pipeline Road in the Town of Greenburgh, Westchester County. In the absence of any claim of compliance with defendant's prior notice law, the sole issue for our consideration is whether plaintiff opposed defendant's summary judgment motion with evidence sufficient to raise a triable issue of fact as to whether defendant created the defective or dangerous condition or had actual or constructive notice of its existence (*see, e.g., Klimek v Town of Ghent*, 114 AD2d 614). We answer the question in the negative and accordingly affirm Supreme Court's order dismissing the complaint.

Initially, it is our view that there is no evidence in the record that defendant created the defective or dangerous condition. Even if plaintiff could competently support his speculation that in or about 1980 defendant improperly filled the gap with tar, instead of asphalt, such evidence would not aid his cause. Despite plaintiff's claim that the allegedly negligent repair "created" or "exacerbated" the condition that caused his injuries, evidence that tar was an unsuitable filler material because hot weather and traffic would cause it to "track out" would establish at most that the repair was ineffectual and did not cure the underlying defect, i.e., the gap between the concrete slabs. Photographic evidence submitted by plaintiff establishes that there was little or no tar in the void at the time of his accident, and passive negligence or nonfeasance such as negligent maintenance or repair of a highway will not obviate the need for compliance with a prior written notice law (*see, Merchant v Town of Halfmoon*, 194 AD2d 1031, 1032).

Finally, on the evidence before us, including photographs of the roadway as it existed at the time of plaintiff's accident and deposition testimony concerning defendant's allegedly ineffectual repair effort, defendant's policy of inspecting its roads on an annual basis and the fact that it was "not unusual" for defendant's Commissioner of Public Works to travel on Pipeline Road, we are unpersuaded that there exists a triable issue of fact with regard to defendant's actual or constructive notice of the defective or dangerous condition (*see, Ferris v County of Suffolk*, 174 AD2d 70; *Holt v County of Tioga*, 95 AD2d 934, *appeal dismissed* 60 NY2d 701, *lv denied* 60 NY2d. 560; *cf., Klimek v Town of Ghent, supra; Blake v City of Albany*, 63 AD2d 1075, *affd* 48 NY2d 875).

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.