[651 NYS2d 748]

ELEANOR P. FARNSWORTH, Appellant-Respondent, v VILLAGE OF
POTSDAM, Respondent, and DAVID W. LEACH, JR., et al.,
Respondents-Appellants.

Third Department, January 9, 1997

80

## APPEARANCES OF COUNSEL

*Cappello & Linden,* Potsdam *(Francis P. Cappello* of counsel), for appellant-respondent.

*Slye & Burrows,* Watertown *(Donald S. DiBenedetto* of counsel), for respondents-appellants.

*Conboy, McKay, Bachman & Kendall, L. L. P.,* Watertown *(Stephen W. Gebo* and *David B. Guertsen* of counsel), for respondent.

## OPINION OF THE COURT

CARPINELLO, J.

This action arises out of plaintiff's May 13, 1993 fall on a sidewalk in front of the residence owned by defendants David W. Leach, Jr. and Susan R. Leach (hereinafter the homeowners) in the Village of Potsdam, St. Lawrence County. Plaintiff alleges that her fall was caused by the rough and irregular

surface of the sidewalk. Defendant Village of Potsdam moved for summary judgment and the homeowners cross-moved for summary judgment. Supreme Court granted the Village's motion, concluding that the Village had not received prior written notice of the allegedly dangerous condition of the sidewalk. Supreme Court denied the homeowners' cross motion on the grounds that the homeowners owned the property upon which the sidewalk was located and that principles of law regarding abutting landowners were simply inapplicable. Plaintiff appeals from that portion of Supreme Court's order which granted the Village's motion for summary judgment, and the homeowners appeal from the order in its entirety.

■ Supreme Court correctly granted the Village's motion for summary judgment dismissing the complaint against it. Pursuant to Village Law § 6-628 and Potsdam Village Code § 145-1, prior written notice is a condition precedent to maintaining a cause of action against the Village for injuries arising out of a sidewalk defect, and it must be pleaded and proved (*see, Katz v City of New York*, 87 NY2d 241, 243; *Misek-Falkoff v Village of Pleasantville*, 207 AD2d 332, 333; *Giganti v Town of Hempstead*, 186 AD2d 627, 628). In this case, plaintiff concededly did not give prior notice in accordance with these provisions. Plaintiff argues, however, that in 1986 or 1987 the Village inspected all of its sidewalks in order to discover defects, and that a report drafted by the then-Superintendent of Public Works noted that the sidewalk where plaintiff was to fall six years later consisted of "uneven" sandstone. Although this report was filed with the Department of Public Works, there has been no showing that the report was ever brought to the attention of the Village Clerk, as required both by the Village Law and the Potsdam Village Code. This is fatal to plaintiff's claim (*see, Misek-Falkoff v Village of Pleasantville, supra*, at 333; *Conlon v Village of Pleasantville*, 146 AD2d 736).

The decision in *Harrington v City of Plattsburgh* (216 AD2d 724) is not to the contrary. In that case, the Plattsburgh City Code required prior written notice to the Superintendent of Public Works. A survey of City sidewalks was performed by the Department of Public Works and was filed with the Mayor and the Common Council, but not with the Superintendent. Because the survey relied upon by the plaintiff was in fact undertaken by the Department of Public Works, we found that the requirement of notice to that Department had been satisfied. Here, however, the report was prepared by the Superintendent of Public Works and filed with the Department of Pub-

lic Works. There has been no showing that the Village Clerk, who was required to receive notice under the Potsdam Village Code, had either actual or constructive knowledge of the content of the 1986-1987 report.

Similarly, although an exception to the prior written notice requirement has been recognized when a municipality has or should have knowledge of a defective condition because it either inspected or performed work upon the subject area *shortly before* the accident (*see, Jackson v City of Mount Vernon*, 213 AD2d 892, 892-893, *lv denied* 85 NY2d 812; *Giganti v Town of Hempstead, supra*, at 628; *Klimek v Town of Ghent*, 114 AD2d 614, 615), that exception is clearly inapplicable here, where the inspection occurred at least six and possibly seven years before the accident. In any event, we are additionally not convinced that an inspection noting the presence of uneven sandstone would qualify as notice of a dangerous or defective condition for purposes of the prior written notice requirement.

We find that Supreme Court erred, however, in denying the homeowners' motion for summary judgment. It is a well-established principle of law that a sidewalk is part of the public street or highway (*see, Donnelly v Village of Perry*, 88 AD2d 764, 765), and that the duty of maintaining the sidewalks in a safe condition belongs to the municipality (*see, Roark v Hunting*, 24 NY2d 470, 475; *Tremblay v Harmony Mills*, 171 NY 598, 601-602; *City of Rochester v Campbell*, 123 NY 405, 411; *Mackain v Pratt*, 182 AD2d 967, 968; *Blais v St. Mary's of Assumption R. C. Church*, 89 AD2d 653).

A "special use" exception to this general rule has been recognized in cases where the sidewalk was constructed in a special manner for the benefit of the property owner (*see, Hausser v Giunta*, 88 NY2d 449, 452-453; *Little v City of Albany*, 169 AD2d 1013; *Kiernan v Thompson*, 137 AD2d 957, 958; *Santorelli v City of New York*, 77 AD2d 825). There is no evidence in the record that this exception would apply here. A second exception has been recognized where a statute, ordinance or municipal charter specifically imposes upon a property owner a duty to repair the sidewalk and provides that a breach of that duty will result in liability in favor of any third party who may be injured by such breach (*see, Hausser v Giunta, supra*, at 453; *Dufrane v Robideau*, 214 AD2d 913, 914; *Conlon v Village of Pleasantville, supra*, at 737; *Kiernan v Thompson, supra*, at 958). This exception similarly does not apply. Potsdam Village Code § 145-5.1 (A) provides that building owners have an obligation to keep sidewalks in good repair,

but contains no provision imposing liability for injuries sustained by third parties.

Plaintiff seeks to draw a distinction between the cases cited above and the instant case based upon the fact that the home-owners' deed description in this case indicates that their property line is located in the center of the street and therefore encompasses the sidewalk. Notwithstanding our dictum in *Bentley v City of Amsterdam* (170 AD2d 725), we find this line of reasoning unpersuasive. It is not unusual in New York for deed descriptions to encompass land that is otherwise part of a public thoroughfare and therefore subject to an easement on the part of the municipality (*see, Appleton v City of New York*, 219 NY 150, 162; *Bradley v Crane*, 201 NY 14, 25). The Court of Appeals has recognized that a property owner's interest in land underneath a public thoroughfare is "very limited and of little value" (*Village of E. Rochester v Rochester Gas & Elec. Corp.*, 289 NY 391, 399). For example, although the right to exclude others from property is ordinarily an incident of ownership, owners of property located within the public right-of-way have no such right of exclusion (*see, supra*).

In this case, the Village has undertaken the duty of inventorying and repairing its sidewalks and looks to property owners for one half the cost of making the repairs (Potsdam Village Code § 145-5.1 [A]). The Village Code does not distinguish between owners whose property lines end at the sidewalk and those whose property lines end in the street; in fact, there is testimony in the record that the Village does not own the land underneath most of its sidewalks, but merely possesses a right-of-way. Since the duty of the Village to maintain the sidewalks does not depend upon whether it owns the sidewalks or merely possesses a right-of-way, it would be inequitable to impose liability upon the homeowners by virtue of a distinction without legal significance. As the Court of Appeals stated in *City of Rochester v Campbell* (123 NY 405, 420, *supra*), "[a]ny other conclusion * * * would tend to relax the vigilance of municipal corporations in the performance of their duties in respect to the repair of streets and highways, and impose that duty upon those who might be utterly unable to discharge it" (*see, Barnes v Stone-Quinn*, 195 AD2d 12, 15-16).

YESAWICH JR., J. (concurring in part and dissenting in part). Because I am of the view that the actual notice received by defendant Village of Potsdam in this case obviates the need for written notification, I would reverse so much of the order as

dismissed the cause of action asserted against the Village. In this instance, prior to the accident, Village personnel, having set out with the intention to locate and identify Village sidewalks in need of repair, actually discovered and reported the allegedly defective sidewalk where plaintiff fell. Given that the entire purpose of a written notice statute—which is to "insure that a municipality has a 'reasonable opportunity to cure defective conditions, the existence of which it could not be expected to know absent some sort of positive apprisal' " (*Blake v City of Albany*, 63 AD2d 1075, 1076, *affd* 48 NY2d 875, quoting *Jagoda v City of Dunkirk*, 43 AD2d 795, 796)—has been served, plaintiff's failure to furnish written notice to the Village regarding a condition of which it is already aware strikes me as a hollow reason to insulate it from liability.

Plaintiff's situation is no less deserving of favorable treatment than that of the plaintiffs in *Giganti v Town of Hempstead* (186 AD2d 627) and *Klimek v Town of Ghent* (114 AD2d 614). Moreover, unlike in those cases, it is unnecessary here to rely upon an assumption that, because the municipal employees were in the area shortly before the accident, the municipality may be presumed to be on notice of obvious defects in the sidewalk (*cf., Ferris v County of Suffolk*, 174 AD2d 70, 75), for the report prepared by the acting Superintendent of Public Works—in which a patch of "uneven sandstone", at the very location of plaintiff's fall, is noted in the context of a list of defects requiring remediation—provides direct proof that an unsafe condition *was* present and *was* observed by the person responsible for remedying it. Nor is there any indication in the record that the Village lacked ample time to attend to the repairs prior to the accident. Furthermore, plaintiff, through the testimony of the individual who prepared the report and his successors, has made a satisfactory evidentiary showing that the condition described therein had not, in fact, been remedied before the accident. This is enough to at least raise a triable question as to whether the Village had received actual notice of the particular defect that ostensibly caused plaintiff's fall, so as to preclude summary judgment (*cf., Harrington v City of Plattsburgh*, 216 AD2d 724, n).

MERCURE, J. P., PETERS and SPAIN, JJ., concur with CARPINELLO, J.; YESAWICH JR., J., concurs in part and dissents in part in a separate opinion.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion of defendants David W. Leach, Jr. and Susan R. Leach for sum-

mary judgment; cross motion granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.