[660 NYS2d 182]

CHARLES MITCHELL, Respondent, v TOWN OF FOWLER, Appellant.

Third Department, July 10, 1997

APPEARANCES OF COUNSEL

*Conboy, McKay, Bachman & Kendall, L. L. P.,* Watertown *(Edward A. Gibson* of counsel), for appellant.

*Cappiello, Hofmann & Katz,* New York City *(Edward M. Katz* of counsel), and *Preston C. Carlisle, P. C.,* Ogdensburg, for respondent.

## OPINION OF THE COURT

MERCURE, J. P.

This appeal tests the breadth of the exception to the prior written notice requirement that excuses a failure to establish the statutorily mandated notice in a case where the claimed defect is readily apparent and the municipal defendant had, shortly prior to the accident, either inspected the subject area for the purpose of discovering such defects or performed work thereon (*see, Krach v Town of Nassau,* 217 AD2d 737; *Giganti v Town of Hempstead,* 186 AD2d 627, 628; *Klimek v Town of Ghent,* 114 AD2d 614, 615; *Blake v City of Albany,* 63 AD2d 1075, *affd* 48 NY2d 875).

Plaintiff sustained the injuries forming the basis for this action in a May 2, 1993 accident when he drove his motorcycle off the side of the Shantyville Road, a dirt road designated as a "seasonal limited use highway" in the Town of Fowler, St. Lawrence County. Plaintiff's claim against defendant is predicated upon its asserted "failure to properly design, construct, maintain and reconstruct" the road, permitting several potholes to exist at the top of a hill, which caused plaintiff to lose control of his motorcycle. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the basis of the undisputed lack of prior written notice, as required by defendant's Local Laws, 1975, No. 2. Plaintiff opposed the motion with a showing that on March 2, 1993, the Highway Superintendent "stated [at a Town Board meeting] that one of the major projects [that] summer should be the Shantyville road either rebuilding or putting in tubes" and that on April 14, 1993, the Highway Superintendent and four members of the Town Board conducted their "annual road tour", a general review of all Town roads to determine which roads should be included in the 1993 road program.

Even if we were to accept plaintiff's supposition that the "road tour" actually included the Shantyville Road and that the subject potholes were present at the time of the tour, we conclude that the kind of general survey performed on April

14, 1993 is not an acceptable legal substitute for prior written notice. The cases relied upon by plaintiff do not compel a contrary result. In *Krach v Town of Nassau (supra)*, the evidence established that, as recently as one week prior to the underlying accident, specific repairs had been performed in the immediate area "to prevent the precise danger that allegedly caused or contributed to [the] plaintiff's injuries, i.e., potholes" (*supra*, at 738). Similarly, *Blake v City of Albany (supra)* involved safety inspections performed in a discrete area where construction was ongoing. The predicate for the decision in *Klimek v Town of Ghent (supra)* was the existence of a factual issue as to whether the requisite written notice had been received and there was also evidence that the defendant affirmatively created the defective condition causing the plaintiff's injuries. The decision of the Second Department in *Giganti v Town of Hempstead (supra)* was based upon the fact that only 11 days prior to the accident, specifications had been submitted for the installation of a sidewalk at the location of the accident and actual physical inspections were made immediately prior to the plaintiff's fall.

In sharp contradistinction, in this case defendant's Highway Superintendent and Town Board members conducted a generalized survey, looking not for specific defects but with an eye toward prioritizing repair and rebuilding projects in light of the annual budgetary allocation. Considering the scope of the tour, we would not expect the participants to make note of such isolated defects as the specific potholes alleged to have been present here (*see, Eppenstein v Town of Greenburgh*, 228 AD2d 771, 772, *lv denied* 89 NY2d 804; *see also, Farnsworth v Village of Potsdam*, 228 AD2d 79). We are similarly unpersuaded that the Town Board's discussion of the need to "rebuild" the Shantyville Road or to "put[ ] in tubes" demonstrates defendant's knowledge of the existence of the discrete defect alleged in the complaint. In fact, the alternative placement of "tubes" suggests a problem with the road's water drainage system and not its surface. As a final matter, we note that our adoption of plaintiff's hypothesis would have the deleterious effect of punishing municipalities for efforts aimed at proper planning and fiscal responsibility.

Plaintiff's other contentions have been considered and found unavailing.

CASEY, PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is reversed, on the law, without costs, motion granted and complaint dismissed.