■ SUSAN FIEDLER, Appellant, v INCORPORATED VILLAGE OF MASSAPEQUA PARK, Respondent. [664 NYS2d 727] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), entered March 19, 1996, which, in effect, upon granting renewal, adhered to its original determination made in an order dated October 20, 1995, which granted summary judgment to the defendant.

Ordered that the order is affirmed, with costs.

In June 1994 the plaintiff, Susan Fiedler, tripped and fell on an allegedly defective portion of a crosswalk in the Incorporated Village of Massapequa Park. It is undisputed that the Village did not receive prior written notice of this defect in accordance with Village Law § 6-628 (*see, Sloan v Village of Hempstead,* 223 AD2d 632). Such written notice is a prerequisite to the commencement of a civil action to recover damages for injuries sustained by reason of a crosswalk defect, and the circumstances of this case do not create issues of fact regarding the narrow exceptions to this requirement (*see, Ferris v County of Suffolk,* 174 AD2d 70; *cf., Giganti v Town of Hempstead,* 186 AD2d 627). Thus, the Supreme Court properly granted the Village's motion for summary judgment (*see generally, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065).

The plaintiff's remaining contention is without merit. Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.