■ Laura Balk et al., Respondents, v City of New York et al., Respondents, and Halcyon Construction Corp., Defendant and Third-Party Plaintiff-Respondent. Howard's Tree Service Inc., Third-Party Defendant-Appellant. [663 NYS2d 39] —In an action to recover damages for personal injuries, etc., the defendant third-party defendant, Howard's Tree Service Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated June 13, 1996, as denied its motion for summary judgment dismissing (1) the complaint and all cross claims insofar as asserted against it, and (2) the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the appellant's motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, the third-party complaint is dismissed, and the action against the remaining defendants is severed.

Summary judgment should not be granted if there is any doubt as to the existence of a triable issue of fact (*Rotuba Extruders v Ceppos,* 46 NY2d 223). However, mere conclusions or unsupported assertions are insufficient to raise a question of fact (*Zuckerman v City of New York,* 49 NY2d 557; *see also, Cruz v City of New York,* 207 AD2d 858).

Here, there are only conclusory and speculative allegations linking the appellant to the defective concrete sidewalk which, it is alleged, caused the plaintiff Laura Balk to fall. There was no proof adduced that the appellant did any more than cut down a tree in the area between the defective sidewalk and the curb. No competent evidence was adduced which raises a factual question as to whether or not the appellant broke up or damaged the adjacent sidewalk (*see, Blake v City of Albany,* 48 NY2d 875; *Cruz v City of New York, supra*).

The plaintiffs' remaining contentions are either without merit or are not properly before this Court. Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.