■ ALICE BRZYTWA-WOJDAT, Appellant, v TOWN OF ROCK-LAND, SULLIVAN COUNTY, Respondent. [681 NYS2d 822] —Mikoll, J. P. Appeal from an order of the Supreme Court (Kane, J.), entered January 29, 1998 in Sullivan County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

At issue is whether plaintiff's action may survive her failure to satisfy Town of Rockland Municipal Code § 7.2, requiring prior written notice of a highway defect as a condition precedent to the maintenance of an action based on such defect.

Plaintiff alleges that she sustained personal injuries when she fell from her bicycle on November 9, 1996 on Hofer Road near its intersection with Burnt Hill Road in the Town of Rockland, Sullivan County. She alleges that her fall was the result of a pothole in Hofer Road caused by defendant's negligent maintenance, design, construction and/or repair of the road. Defendant raised, as an affirmative defense, plaintiff's failure to plead and prove its receipt of written notice of the defect prior to the accident. Plaintiff moved to dismiss the affirmative defense claiming, *inter alia*, that the local law was in direct conflict with Town Law § 65-a regarding notice. Defendant cross-moved for summary judgment based on the written notice requirement. Supreme Court granted the motion, first rejecting plaintiff's argument that the notice requirement of defendant's local law was an impermissible attempt to supersede a State statute.[1] This appeal ensued.

Plaintiff contends that Supreme Court erred in granting summary judgment to defendant since at least one of the exceptions to the prior written notice requirement is available to her. We disagree.

1. Plaintiff does not advance that argument on this appeal.

The first exception invoked by plaintiff is that based upon a theory of constructive notice, available where the injured party shows not only that the defect at issue was readily apparent, but also that the municipality had recently either inspected the subject area for the purpose of discovering such defects or had performed work thereon (*see, Krach v Town of Nassau,* 217 AD2d 737; *Mitchell v Town of Fowler,* 231 AD2d 170, *lv denied* 91 NY2d 805; *Giganti v Town of Hempstead,* 186 AD2d 627; *Klimek v Town of Ghent,* 114 AD2d 614; *Blake v City of Albany,* 63 AD2d 1075, *affd* 48 NY2d 875). Plaintiff satisfies neither element of this narrow exception. First, she misrepresents the record in asserting that "[t]here is no controversy that the pothole into which plaintiff's bicycle fell was 'readily apparent' to defendant's employees as they made their inspections". In point of fact, defendant's Highway Superintendent Bowman Owen, testified that when he examined the area where plaintiff fell after this action was commenced, he found no pothole. Rather, he observed what he described as a "little depression" which was not deep enough to hold fill material. He averred that prior to the date of plaintiff's accident, he had no knowledge, actual or otherwise, of any defect in Hofer Road. The "inspections" to which plaintiff refers are defendant's biweekly general inspections of all Town roadways (encompassing approximately 106 miles) to identify needed repairs including, but not limited to, potholes. Aside from plaintiff's failure to establish that the claimed defect was readily apparent, this type of routine inspection, considering its scope and purpose, does not constitute the kind of specific inspection, focused upon the area in question, required to justify a finding of constructive notice (*see, Mitchell v Fowler, supra; Eppenstein v Town of Greenburgh,* 228 AD2d 771, 772, *lv denied* 89 NY2d 804).

Plaintiff next contends that she is exempt from the written notice requirement because the claimed defect resulted from an affirmative act of negligence on the part of defendant. Specifically, plaintiff claims that defendant resurfaced Burnt Hill Road in a manner which directed the flow of water onto Hofer Road, whose surface was at the end of its useful life, thereby creating conditions which precipitated the formation of potholes such as the one into which she allegedly fell. Plaintiff produced no expert testimony or evidence to support this theory (*see, Peters v City of Kingston,* 199 AD2d 809; *see, e.g., Gormley v County of Nassau,* 150 AD2d 342; *see also, Dufrane v Robideau,* 214 AD2d 913; *Good v County of Sullivan,* 198 AD2d 706). Instead, plaintiff relied exclusively on her attorney's affidavit, which in turn relied upon selective reference

to the deposition testimony of Owen. Although Owen acknowledged that the resurfacing of Burnt Hill Road resulted in a two to three-inch elevation between its surface and that of Hofer Road, he testified that the grade levels of the two roads at the intersection were fairly level. When asked whether water would run off Burnt Hill Road at its intersection with Hofer Road, Owen responded, "I doubt it." Further, contrary to plaintiff's assertion, Owen's testimony does not establish that the surface of Hofer Road was at the end of its useful life because it had not been resurfaced in eight years. Owen testified that paved roads generally enjoy a 10-year life span and are accordingly repaved by defendant at those intervals. Hofer Road is not a paved road, however; it was surfaced using an oil and chip method. Owen explained that the useful life of an oil and chip road depends on the traffic, and he described Hofer Road as very lightly traveled,[2] with only two year-round residences on it.

Finally, we reject plaintiff's argument that she was denied an opportunity to complete discovery before responding to defendant's summary judgment motion. The record reveals that depositions of both parties were completed, written discovery responses were provided, and it does not appear that any requests for discovery were outstanding. Having alleged defendant's affirmative negligence in her complaint, plaintiff had ample opportunity to secure expert testimony to support her opposition to defendant's cross motion for summary judgment.

Once defendant demonstrated its entitlement to summary judgment by submitting proof that no prior written notice of the defect was made, the burden shifted to plaintiff to demonstrate the existence of a triable issue of fact with respect to either the notice itself or the availability of the constructive notice exception, or to proffer some evidence that defendant had affirmatively created the defect. Having failed to do so, summary judgment was properly granted to defendant.

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** Owen testified: "It's not a through road. There's no through traffic. I would say if you put a counter on it, you would be stretching it if you had four cars a day on it."