■ ANTHONY JAGODA, as Administrator of the Estate of JOSEPH A. JAGODA, Deceased, Appellant-Respondent, v. CITY OF DUNKIRK, Respondent-Appellant; NORFOLK & WESTERN RAILROAD Co. et al., Respondents.— Order unanimously modified to permit amendment of complaint in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: In this action for damages for personal injuries and wrongful death based on negligence, plaintiff, in his complaint, alleged that defendant city had a duty to maintain, manage and control its streets. He alleged that as plaintiff's intestate was driving his automobile along a street in the city he was struck at the railroad crossing on Buchnor Street by a diesel locomotive owned by defendant railroad and operated by its employees, Sharp and Whitworth. It is also alleged in the complaint that the prerequisite claim was made against the city before starting suit and that the action was started within the requisite period. In his bill of particulars plaintiff further claimed that the city was actively negligent because it had notice that the crossing involved was dangerous, that the Public Service Commission had ordered the crossing closed, and that the city still had failed to close the crossing. The city, in its answer, denied negligence, alleged contributory negligence and that plaintiff's action "is barred by the reason that no written notice of the alleged condition and circumstances complained of has been given to the City Clerk or City Engineer of said City at least five days previous to the occurrence complained of, all as required by and set forth in Section 244 of Article 20 of the Dunkirk City Charter, being Local Law Number One, 1962." Plaintiff sought an order to compel the appearance of

the city's attorney, clerk and engineer requiring them to testify concerning the matters alleged in the complaint and to produce all papers and documents in the city's possession relating to the Buchnor Street crossing. The city cross-moved for summary judgment. Special Term ordered defendant city to comply with plaintiff's application for disclosure and to produce the witnesses and documents that plaintiff had requested. It also granted the city's motion to dismiss the complaint "without prejudice to the plaintiff to amend his Complaint to comply with the requirements of 244 of the Dunkirk City Charter within twenty (20) days after the completion of the examination before trial and deposition granted herein." Notice provisions, such as those found in section 244 of the Dunkirk City Charter and similar provisions embodied in the charters of other municipalities, are intended to insure that a municipality be given reasonable opportunity to cure defective conditions, the existence of which it could not be expected to know absent some sort of positive apprisal. We have held that such notice requirements do not apply where the dangerous condition is caused or created by the city itself. (*Muszynski* v. *City of Buffalo*, 33 A D 2d 648, affd. 29 N Y 2d 810; *Minton* v. *City of Syracuse*, 172 App. Div. 39; see, also, *Taylor* v. *City of Albany*, 239 App. Div. 217, affd. 264 N. Y. 539.) The allegation in plaintiff's bill of particulars of the city's failure to heed a Public Service Commission order to close the crossing is not a part of the pleadings (*Harmon* v. *Alfred Peats Co.*, 243 N. Y. 473; *Melino* v. *Tougher Heating & Plumbing Co.*, 23 A D 2d 616). However, plaintiff should be permitted to serve an amended complaint to include an allegation that the city had notice of the condition complained of or to allege that the city created the condition which caused the injury. Although the time within which an action must be commenced is computed from the time the cause of action arose to the time the claim is interposed, a claim asserted in an amended pleading is deemed to have been interposed at the time of the claim in the original pleading where the original pleading gives notice of the occurrence or transaction to be proved pursuant to the amended pleading (CPLR 203, subd. [e]). (Appeals from order of Chautauqua Special Term dismissing complaint with leave to amend.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Simons, JJ.