■ MAE R. HOLLOWELL, Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant, and CITY OF SYRACUSE, Respondent.—Judgment and order unanimously affirmed, with costs. Memorandum: Plaintiff commenced an action in negligence against Niagara Mohawk Power Corporation (Niagara) and the City of Syracuse (City) as codefendants to recover damages for injuries sustained when she stepped into a pothole on a city street. Some years before, Niagara had excavated the street where the accident occurred but the pavement had long since been completely resurfaced. Each codefendant cross-claimed against the other. The case was tried before a jury and, at the close of the proof, both plaintiff's claim and Niagara's cross claim against the City were dismissed because the City had not received prior written notice of the defective condition of the street as was required under its charter. Niagara has appealed from the dismissal of its cross claim on the ground that no notice of defect is required when a municipality's affirmative negligence has caused a hazardous condition and that no notice is required where the municipality may be charged with a nondelegable duty to provide a safe public thoroughfare. There is no evidence in the record to support a finding of affirmative negligence on the part of the City (see *Jagoda v City of Dunkirk,* 43 AD2d 795; *Muszynski v City of Buffalo,* 33 AD2d 648, affd 29 NY2d 810; *Minton v City of Syracuse,* 172 App Div 39). A municipality has a nondelegable duty to provide for public safety during the course of an excavation project on its streets, and no notice that an open excavation is hazardous is required. However, once the excavation has been refilled and the street repaved, the usual notice requirements once again become effective *(Jones v City of Binghamton,* 198 App Div 183; *Minton v City of Syracuse, supra; Tabor v City of Buffalo,* 136 App Div 258). (Appeal from Judgment and order of Onondaga Supreme Court in negligence action.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.