■ ARTHUR FIDLER, Appellant, v CLARENCE J. ROWE et al., Respondents. —Appeal from a judgment of the Supreme Court, entered November 24, 1975 in Albany County, upon a verdict rendered at a Trial Term in favor of defendants of no cause of action. Plaintiff, a pedestrian who was struck by a car in an intersection accident, contends that the verdict of the jury was not supported by the weight of the evidence. The accident occurred at the intersection of State and Pearl Streets in the City of Albany. Plaintiff testified that as he walked east on State Street and stepped off the curb and headed across Pearl Street toward the easterly curb, the traffic light was green for him and red for traffic on State Street (the street on which he was walking). He did not see the car until it was right on top of him. The defendant driver testified that he was proceeding north on Pearl Street and that he entered the intersection with the green signal in his favor. He saw the plaintiff hit his fender. This was the first time defendant saw the plaintiff. The questions of fact and credibility raised by the differing accounts as to the happening of the accident were for the jury to resolve. We have no right to invade the province of the jury by interfering with its verdict unless "no reasonable person would solve the litigation in the way the jury has chosen to do" (Rapant v Ogsbury, 279 App Div 298, 299).

Plaintiff also contends that the omission of the trial court to charge the jury in respect to the relative rights of a pedestrian and a driver both of whom entered an intersection on a green light constitutes reversible error. The record reflects that the theory upon which the case was tried and submitted to the jury was that the pedestrian and the driver each claimed he had the traffic control signal in his favor and that the other had entered the intersection in violation of the traffic control signal. The charge, to which no objection was taken by plaintiff, was fair and complete. Under the circumstances here, as disclosed by the record, we conclude that the plaintiff, by his conduct, consented to the law to be applied to the case *(Martin v City of Cohoes,* 37 NY2d 162; CPLR 4110-b). Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.