■     MARY BLAKE, Respondent, v CITY OF ALBANY, Appellant. (Action No. 1.) MARY BLAKE, Respondent, v NIAGARA MOHAWK POWER CORP., Defendant and Third-Party Plaintiff-Appellant. UTEC CONSTRUCTORS, INC., Third-Party Defendant-Appellant, and WEBER CONSTRUCTION CO., et al., Third-Party Defendant-Respondents. (Action No. 2.) MARY BLAKE, Respondent, v UTEC CONSTRUCTORS, INC., et al., Appellants. (Action No. 3.)—Appeals from a judgment of the Supreme Court in favor of plaintiff, entered February 16, 1977 in Albany County, upon a verdict rendered at a Trial Term and from a subsequent order of said court, entered March 2, 1977 in Albany County, which denied motions for judgments for indemnification made by two of the defendants and ordered a trial de novo of the third-party action. Plaintiff commenced separate actions against defendants City of Albany and Niagara Mohawk Power Corporation to recover damages for personal injuries which she allegedly sustained when, on July 7, 1973, the right front wheel of an automobile she was operating entered a depression or hole on Trinity Place, a public street in the City of Albany, as a result of a broken or missing cover over a catch basin. Seeking judgments for indemnification and/or contribution in the event it should be held liable to plaintiff, Niagara Mohawk, subsequently brought a third-party action against defendant UTEC Constructors, Inc., which had been hired by Niagara Mohawk to install a pipe-type cable system, part of which would be under Trinity Place, Weber Construction Company, which had been subcontracted by UTEC for excavation, backfill, manhole construction and street restoration on the project, and the City of Albany. Later, plaintiff instituted an action against UTEC and Weber, and on November 22, 1976 all of the above actions except the third-party action were jointly brought on for trial. Ultimately, by jury verdict rendered December 1, 1976, it was determined that each of the four defendants was equally negligent, and plaintiff was awarded a judgment in the amount of $44,500 with the defendants adjudged jointly and severally liable therefor. Thereafter, based upon alleged contractual agreements, Niagara Mohawk moved to be indemnified and held harmless by UTEC for any liability it might have to plaintiff, and UTEC made a similar motion seeking indemnification from Weber. Both motions were denied by court order entered March 2, 1977, and the present appeals ensued. Considering initially the jury's finding that the City of Albany was liable to plaintiff for its negligence, we find that this determination is amply supported by the evidence. Basically, the city argues that it should not be held liable because it did not have actual or constructive notice of the defect which caused the accident, i.e., the defective cover of the catch basin admittedly owned and maintained by the city. However, it is undisputed that on the date of the accident construction was ongoing on Trinity Place pursuant to a city permit, and the chief field investigator for the city's Department of Public Works testified that, when such a permit is issued, a

city inspector checks the project "practically every day" to ensure that the street is safe for the passage of other users. Moreover, a resident near Trinity Place testified that he traveled the street daily and had been aware that the subject catch basin was six to eight inches below grade since before May 25, 1973, a date a month and one-half previous to the accident. Under these circumstances, it is obvious that the city's inspectors should have discovered the defect long before plaintiff's mishap, and, accordingly, the jury was justified in concluding that the city had, at minimum, constructive notice of the dangerous condition. As for the city's additional contention that it should not be held liable because it had not received written notice of the condition prior to the accident as required by Local Law No. 1 of the Local Laws of 1953 for the City of Albany, this must similarly be rejected. Such notice provisions are enacted to insure that a municipality has a "reasonable opportunity to cure defective conditions, the existence of which it could not be expected to know absent some sort of positive apprisal" (*Jagoda v City of Dunkirk,* 43 AD2d 795, 796). Here, given the facts set forth above and, most notably, the almost daily inspection of the area by the city, there was plainly no need for any apprisal and the city had a nondelegable duty to maintain Trinity Place in a safe condition for the traveling public (cf. *Hollowell v Niagara Mohawk Power Corp.,* 50 AD2d 1072). Turning finally to the verdicts against defendants Niagara Mohawk, UTEC and Weber, we conclude that these verdicts cannot be sustained because no reasonable person would solve the litigation in the way the jury has chosen to do! (*Fidler v Rowe,* 54 AD2d 1013, mot for lv to app den 41 NY2d 802.) The record is barren of evidence that any of these parties either caused the defective condition or had notice thereof. Moreover, the subject catch basin was located in a portion of the street apart from where UTEC and Weber had been working on the Niagara Mohawk project (cf. *Hirsch v Schwartz & Cohn,* 256 NY 7). Although other contractors and not these defendants were apparently working in the general area of Trinity Place at the time of the accident, even these other contractors were not operating at the site of the catch basin. Judgment modified, on the law and the facts, by reversing so much thereof as held defendants Niagara Mohawk, UTEC and Weber liable to plaintiff in negligence; complaint as to these defendants dismissed, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.