OPINION OF THE COURT
F. Warren Travers, J.
Defendant, Town of Brunswick (Town), makes this motion for summary judgment to dismiss the plaintiff’s action as *505 barred by Local Laws, 1980, No. 2. Such Local Law requires written notice of the alleged defective condition prior to the happening of the occurrence resulting in the damages or injuries alleged in the complaint. In addition, defendant contends that no evidence exists to support plaintiff's contention that defendant created the condition alleged to have caused plaintiff’s injury.
Plaintiff cross-moves to compel compliance with discovery demands.
This case involves a personal injury action arising out of an accident that took place on November 10, 1988. Plaintiff was employed as a truck driver. Plaintiff’s employer was installing a catch basin and driveway culverts on Liberty Road in the Town of Brunswick. The work was being performed for a private home and not under the direction of the Town. Plaintiff was driving a 1988 Mack 10-wheel tandem axle dump truck at the time of the accident. Plaintiff had made four or five deliveries of gravel on prior occasions. On the date of the accident, plaintiff had made one delivery of gravel earlier that morning. Fully loaded with gravel, plaintiff testified that the truck weighed 42,000 pounds. Empty, the truck weighed 20,-000 pounds.
Plaintiff contends that a drainage culvert that ran under the road collapsed while he was driving on the road causing the truck to roll over and down an embankment. Plaintiff contends that the Town negligently designed, constructed, and maintained Liberty Road. Plaintiff further contends that the Town failed to properly warn of the dangerous condition of the road by failing to post warning signs. In support of his claims, the plaintiff relies upon examinations before trial of the Town of Brunswick Highway Superintendent and an affidavit by a professional engineer.
The plaintiff contends that Local Laws, 1980, No. 2 is not applicable to the particular facts of this case. Moreover, plaintiff contends that certain types of actual notice replace Local Laws, 1980, No. 2. Plaintiff contends that the alleged defect should have been noted by the Town’s Highway Superintendent during his routine inspection of Town roads. Plaintiff relies upon Blake v City of Albany (63 AD2d 1075) as authority to support such contention. Blake is easily distinguished on the facts. In Blake, an inspector was present daily to monitor a particular construction project. In this case, there was no particular project under construction. The High *506 way Superintendent testified he inspected the road for potholes, drainage, brush on a general basis many times per year by driving over the road in his vehicle.
Liberty Road at the time was a little used gravel road approximately 22 feet wide. The Town would spread gravel on the road and using a road grader, smooth it out. The Town would also cut brush if necessary along the sides of the road.
Plaintiff has not submitted any proof to contradict the Town’s assertion that it had not received the required statutory prior written notice of the alleged defect (see, Waring v City of Saratoga Springs, 92 AD2d 1080). If Local Laws, 1980, No. 2 applies, prior written notice of the defect or condition must have been received by the municipality before a duty will arise. (Barry v Niagara Frontier Tr. Sys., 35 NY2d 629.)
Plaintiff asserts, however, that certain types of actual notice replace prior written notice. Plaintiff contends that the municipality had actual knowledge of the defect and is thus es-topped from denying lack of notice. Plaintiff contends the actual notice exists by reason of the Town’s installation of the culvert and inspection of the culvert by the Highway Superintendent.
The plaintiff fails to produce any evidence to support these contentions. The Highway Superintendent testified that the road was taken over by use and not by formal dedication. He testified that the Town did not install the culvert in question, that he had no knowledge of who installed it. He further testified that his general inspection of the road did not reveal any obvious defect in the culvert, the road was not washed out at the culvert site. He further testified that he did not specifically inspect the individual culvert where the accident occurred.
The plaintiff has failed to submit any proof that would establish the Town had received prior written notice of the alleged defect. The plaintiff has failed to produce any evidence that would tend to support the allegation that the Town actually constructed or repaired the culvert in question. The affidavit by plaintiff’s professional engineer states his opinion that the culvert, surrounding shoulder, and bank were improperly constructed. However, this does not support the claim that the Town improperly performed this work, but only that it may have been negligently performed.
The failure to sign issue is more difficult to determine. There is no dispute that there were no warning signs. The *507 question is, did the Town have a duty to install warning signs. Under the circumstances of this case, the court concludes the answer is no.
The plaintiff relies upon Ramundo v Town of Guilderland (142 AD2d 50, 53) where the court says: "Although damages for injuries caused by physical defects in a road, such as potholes and cracks, cannot be recovered in the absence of prior written notice, the courts have refused to extend the prior notice requirement to the failure to maintain or erect traffic signs (Alexander v Eldred, 63 NY2d 460, 467; see, Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362). Additionally, where, as here, 'a municipality has or should have knowledge of a defective or dangerous condition’ (Klimek v Town of Ghent, 114 AD2d 614), prior written notice is not required.”
In Alexander (supra), the failure to install a stop sign was based upon the Traffic Engineer’s assertion that the city had no power to install a stop sign on a private road. Vehicle and Traffic Law § 1640 (a) (1) specifically authorizes such installation. The court (supra, at 467) said, "If the municipality proceeds in direct contravention, or ignorance, of all legitimate interpretations of the law, its plan of action is inherently unreasonable.”
In Doremus (supra), there was a stop sign installed by the village which the village failed to maintain. In Klimek (supra), questions of fact existed whether the town inspected the road shortly before the accident or if it actually installed the culvert.
The facts of each of those cases is different from the case at bar. This court does not conclude, as plaintiff urges, that a general duty to install warning signs exists. Actual knowledge of a dangerous condition must exist before a municipality will be obligated to install warning signs. In Tomassi v Town of Union (46 NY2d 91, 97), the court stated:
"A municipality, of course, is not an insurer of the safety of its roadways. The design, construction and maintenance of public highways is entrusted to the sound discretion of municipal authorities and so long as a highway may be said to be reasonably safe for people who obey the rules of the road, the duty imposed upon the municipality is satisfied (Annino v City of Utica, 276 NY 192, 196; Boyce Motor Lines v State of New York, 280 App Div 693, 696, affd 306 NY 801). The liability of a municipality begins and ends with the fulfillment of its duty *508 to construct and maintain its highways in a reasonably safe condition, taking into account such factors as the traffic conditions apprehended, the terrain encountered, fiscal practicality and a host of other criteria. * * *
"Undoubtedly, certain risks are unavoidable. Especially in rural locales, such objects as utility poles, drainage ditches, culverts, trees and shrubbery are often in close proximity to the traveled right of way (see Hayes v Malkan, 26 NY2d 295, 297).”
In this case, a truck weighing 42,000 pounds traveling over a little used gravel road caused a culvert pipe to collapse. This may well have been an unavoidable risk. The Town is not held to such a high standard that it must guarantee that a culvert it did not install is adequate to withstand the weight of a fully loaded dump truck on a little used gravel road.
The motion for summary judgment dismissing the complaint is granted without costs.