■ ANGEL BERGAMINI, an Infant, by Her Father and Natural Guardian, RAYMOND BERGAMINI, et al., Respondents, v TOWN OF BABYLON, Appellant.—In an action to recover damages, *inter alia,* for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Brown, J.), dated January 4, 1991, which granted the plaintiff's motion to strike the second and third affirmative defenses asserted in its answer.

Ordered that the order is affirmed, with costs.

This action was commenced on behalf of the infant plaintiff to recover damages for personal injuries she allegedly sustained when she fell on a defective walkway while riding her bicycle. The municipal defendant served an answer asserting, as the second and third defenses respectively, that the action is barred by reason of the plaintiffs' failure to comply with the prior written notice requirements of Town Law § 65-a and Babylon Town Code § 158-1 (Local Laws, 1980, No. 2, of Town of Babylon). During the course of discovery, the defendant produced documents indicating that the walkway in question had been resurfaced in October 1985 approximately one year prior to the date of the accident, which allegedly occurred on November 1, 1986. In addition, in August 1986 the defendant had acknowledged receiving notice that several people had tripped and fallen in a depression or hole in the walkway in the same vicinity where the infant plaintiff's accident occurred, and a work order was issued to make repairs. In light of this documentary evidence, the Supreme Court acted properly in striking the affirmative defenses asserting the purported failure to provide prior written notice of the allegedly defective condition *(see, Giganti v Town of Hempstead,* 186 AD2d 627; *see also, Klimek v Town of Ghent,* 114 AD2d 614, 615; *Blake v City of Albany,* 63 AD2d 1075, *affd* 48 NY2d 875; *cf.,* CPLR 3212 [b], [e]). Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.