■ PHILIP SPARROCK et al., Appellants, v CITY OF NEW YORK et al., Respondents. [661 NYS2d 47] —In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated May 20, 1996, which, upon a jury verdict in favor of the defendants, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Philip Sparrock tripped and fell on a stairway in a park adjacent to the Kings County Supreme Court building. Contrary to his contention, any intra-departmental work orders submitted by a supervisor with the New York City Department of Parks which noted that the steps at issue were in disrepair would not satisfy the notice requirement of the "Pothole Law" (Administrative Code of City of NY § 7-201 [c]; *see, Laing v City of New York,* 71 NY2d 912). Moreover, the plaintiffs failed to establish that there was a manifest defect in the steps so as to put this case within the narrow exception to the rule requiring written notice *(see, Ferris v County of Suffolk,* 174 AD2d 70; *Blake v City of Albany,* 63 AD2d 1075, *affd* 48 NY2d 875). Since the plaintiffs failed to satisfy the statutory condition precedent to bringing an action against the City for injuries arising from a defective condition *(see, Katz v City of New York,* 87 NY2d 241), the trial court properly precluded evidence regarding their claim of negligent maintenance.

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Copertino, Altman and Florio, JJ., concur.