OPINION OF THE COURT
Robert A. Lifson, J.
Defendant moves for an order pursuant to CPLR 2221 granting defendant leave to reargue its motion for summary judg *332 ment which was denied by decision and order of this court dated April 4, 2002 (Lifson, J.).
In the decision and order as to which reargument is sought, the court determined that the plaintiffs’ claim was not barred based upon the absence of prior written notice to defendant in the circumstance of this case where “defendant had actual knowledge/notice of the condition,” the defendant had previously inspected the condition — at the curb in front of plaintiffs’ home — and defendant had slated it for repair by defendant Town’s Department of Engineering. In so holding, this court found this case fell within the ambit of the narrow exception established by the courts of this state (including, inter alia, Blake v City of Albany, 63 AD2d 1075, affd 48 NY2d 875 [1979]) that written notice may be required by a municipality “[except] when a municipality has or should have knowledge of a defective or dangerous condition because it either has inspected or is performing work upon the subject area shortly before the accident” (emphasis supplied).[1] This court further expressly distinguished the 1999 Court of Appeals decision in Amabile v City of Buffalo (93 NY2d 471 [1999]) from the instant action on the basis that (1) the issue before the Court of Appeals in Amabile — as expressly framed by it — was “whether constructive notice of a sidewalk defect can satisfy a statutory requirement of written notice to a municipality” (at 472 [emphasis added]), and (2) the policy basis for written notice requirements, as discussed by the Court in Amabile, made “apparent * * * that * * * [the Court] * * * did not intend to exempt a municipality from liability where actual notice and an inspection of the defect have occurred and are acknowledged by the municipality” (decision dated Apr. 4, 2002, Lifson, J.).
Defendant relies herein upon two legislative enactments pursuant to General Municipal Law § 50-e, to wit, article V, section 173-18 of the Code of the Town of Huntington (Code) and Town Law § 65-a (1). Section 173-18 states as follows:
“173-18 Written notification of defects and obstructions required; causes of action.
“A. No civil action shall be maintained against the Town of Huntington, the Town Superintendent of Highways or against an improvement district in the town for damages or injuries to person or prop *333 erty, including those arising from the operation of snowmobiles sustained by reason of any highway, street, bridge, culvert, sidewalk, crosswalk, highway or street marking, traffic signal, signal or device, tree, tree limb or other property owned, operated or maintained by the town or any property owned, operated or maintained by any improvement district therein being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such defective, unsafe, out of repair, dangerous or obstructed condition of such highway, street, bridge, culvert, sidewalk, crosswalk, highway or street marking, traffic sign, signal or device, tree, tree limb or other property owned, operated or maintained by the town or any property owned, operated or maintained by any improvement district was actually given to the Town Clerk or the Town Superintendent of Highways and there was thereafter a failure or neglect within a reasonable time to repair or remove the defect, danger or obstruction complained of.”
Town Law § 65-a (1) (as amended in 1987) states as follows:
“1. No civil action shall be maintained against any town or town superintendent of highways for damages or injuries to person or property sustained by reason of any highway, bridge or culvert being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such defective, unsafe, dangerous or obstructed condition of such highway, bridge or culvert was actually given to the town clerk or town superintendent of highways, and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of, or, in the absence of such notice, unless such defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence; but no such action shall be maintained for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any highway, bridge or culvert, unless written notice thereof, specifying the particular place, was actually given to the town clerk or town superin *334 tendent of highways and there was a failure or neglect to cause such snow or ice to be removed, or to make the place otherwise reasonably safe within a reasonable time after the receipt of such notice.” (Emphasis added.)
Initially, it must be noted that the Town Law provision relied upon by defendant provides for written notice and, as an alternative, constructive notice. The Huntington Code provision does not provide for the alternative of constructive notice. Although section 173-18 of the Code is inconsistent with Town Law § 65-a (1) “such inconsistency * * * is permitted ‘unless the legislature expressly shall have prohibited the adoption of such a local law’ (Municipal Home Rule Law § 10 [1] [iii] [d] [3]; see, Kamhi v Town of Yorktown, 74 NY2d 423, 429-430). The Legislature has not prohibited the enactment of a more restructive notice requirement than that contained in section 65-a (1) of the Town Law * * * ” (Bacon v Arden, 244 AD2d 940, 940-941 [4th Dept 1997]; see, also, Code § 173.20).
In seeking reargument, defendant’s primary reliance[2] is upon the portion of the Court of Appeals decision in Amabile (quoted at greater length in this court’s April 4, 2002 decision), which states, in pertinent part (at 474-476):
“This Court has recognized only two exceptions to the statutory rule requiring prior written notice, namely, where the locality created the defect or hazard through an affirmative act of negligence (see, Kiernan v Thompson, 73 NY2d 840, 842) and where a ‘special use’ confers a special benefit upon the locality (see, Poirier v City of Schenectady, supra, at 314-315; D'Ambrosio v City of New York, 55 NY2d 454). Here, plaintiffs argue for a third exception: constructive notice when the defect was not known by the city but could have or should have been known by the exercise of ordinary diligence and care on its part * * * .
“We conclude that constructive notice of a defect may not override the statutory requirement of prior written notice of a sidewalk defect * * * .”
Claiming — correctly—that all cases relied upon by plaintiff in opposing the defendant’s original motion predated Amabile, defendant contends that Amabile and its progeny acknowledge only the “two exceptions” referred to by the Court in the afore *335 quoted portion of its decision. Implicit in defendant’s argument is the contention that the “narrow exception” (to the prior written notice requirement) of actual notice and an inspection of the defect — upon which this court relied in denying defendant’s prior request for summary judgment — as established in Blake v City of Albany (63 AD2d 1075, affd 48 NY2d 875 [1979]) and cited in, inter alia, Ferris (supra), has been abrogated by Amabile (supra). Considering the factual context oí Amabile, which the undersigned expressly distinguished from the instant matter (and notwithstanding the Court of Appeals’ effort to discount the efficacy of Blake[3] in noting that, on the argument on the Blake appeal, the City then withdrew any reliance on the prior written notice law in question), it is the conclusion of this court that such “narrow exception” retains vitality to sustain plaintiffs claim herein. Such conclusion is not inconsistent with the holding of the Amabile Court (which as noted, *336 was expressly stated as a “constructive notice” issue), nor is it at all inconsistent with the Court’s policy concerns as discussed in Amabile (see Apr. 4, 2002 decision herein, Lifson, J.).
The Amabile Court (at 474) enunciated the policy behind the prior written notice requirement of General Municipal Law § 50-e as follows:
“This rule ‘comports with the reality that municipal officials are not aware of every dangerous condition on its streets and public walkways, yet imposes responsibility for repair once the municipality has been served with written notice of an obstruction or other defect, or liability for the consequences of its nonfeasance, as the case may be’ (Poirier v City of Schenectady, 85 NY2d 310, 314).”
Again, the issue in Amabile was one of constructive notice. Herein, it is undisputed that defendant had actual notice of the exact defect at the exact site where plaintiff claims to have fallen. Having inspected the defect at the plaintiff property owner’s address at plaintiff’s request well prior to the occurrence, defendant was actually aware — had knowledge — of the defect and had slated it for repair, yet did not act over a protracted period. The policy concern discussed in Amabile (that is, its recognition of the need of municipalities to delimit their exposure to claims given “the reality that municipal officials are not aware of every dangerous condition”) is not disregarded in this court’s determination of this case. Here, since the municipality was actually aware of the defect in question, any perceived or potential disadvantage to the municipality (which is an apparent concern in the court’s policy discussion) is not present. The relatively finite number of instances— such as herein — where an alleged defect is identified (seen) by the municipal official charged with the duty to inspect, not remedied, then allegedly is the cause of the property owner’s fall must be contrasted with the enormous number of instances of unidentified defects in municipal sidewalks (etc.) — unknown to the municipality — and the potential deluge of claims relating to such unidentified defects. The latter circumstance is not that which is now before this court.
For this court to reach the conclusion that, notwithstanding the actual notice and inspection present here, plaintiff’s claim must be barred for lack of prior written notice would result in an unconscionable outcome — unduly harsh to an allegedly vigilant plaintiff and absurdly lenient to a lax municipality. The purpose of the subject legislation was to circumscribe a *337 municipality’s exposure to liability by the writing requirement in certain instances, to narrow its exposure against claims arising from defects of which it is unaware — not to allow it, with specific awareness of a defect based on in person inspection, to cavalierly not repair it within a reasonable time following inspection. (See, Lomax v New York City Health & Hosps. Corp., 262 AD2d 2 [1st Dept 1999].) Moreover, the property owner in this case, in initially reporting the defect (then following up with further calls to the defendant asking for it to repair), relied to his detriment on the defendant’s reassurances (through its Department of Engineering employee) that repair would be undertaken by defendant. Such circumstance further militates against the result advanced by defendant herein. (See, Bender v New York City Health & Hosps. Corp., 38 NY2d 662 [1976].)
The cases referred to in the supporting affirmation of defendant’s counsel[4] are not controlling. There is no indication that in either Roth v Town of N. Hempstead (273 AD2d 215 [2d Dept 2000]) or Sparrock v City of New York (242 AD2d 289 [2d Dept 1997]) — as herein — an actual site inspection had been conducted by defendant upon plaintiffs notification of defendant of the allegedly defective curb. Moreover, in Sparrock (supra), the Appellate Division, Second Department, acknowledged the very exception to the general rule which this court applied in determining defendant’s motion.
The court acknowledges the decision of the Appellate Division, Second Department, in Anderson v Town of Smithtown (292 AD2d 406), rendered March 11, 2002, while the defendant’s original motion for summary judgment was sub judice. In Anderson, the Appellate Division, Second Department, affirmed the determination of Justice Molia of this court which, noting the Amabile decision, dismissed plaintiffs claim for lack of compliance with a prior written notification requirement notwithstanding “verbal notice to and subsequent inspection by the Town of the subject sidewalk together with the Town’s designation of said sidewalk as ‘hazardous’ ” (see Justice Molia’s decision and order, dated Sept. 20, 2001).[5] Anderson is radically distinguishable. Anderson involved verbal notice — actual notice by some anonymous individual — leading to the mu *338 nicipal investigation (inspection) of the site. However, herein, unlike Anderson, the actual notice came from the property owner residing where the defect existed — the very person claiming to be injured. While, generally, “a municipality, acting in its governmental capacity for the protection of the general public, cannot be cast in damages for a mere failure to furnish adequate protection to a particular individual to whom it has assumed no special duty,” where, as here, the property user/owner brings a defect existing at his property to the attention of the municipality and vigorously attempts to have it perform its repair responsibility and the municipality actually slated the defect for repair, it must be found to have assumed a special duty, to wit, to promptly perform the repair (see Florence v Goldberg, 48 AD2d 917, 918 [2d Dept 1975], citing Evers v Westerberg, 38 AD2d 751, affd 32 NY2d 684 [1973];[6] see, also, 1 Chase-Miller, New York Practice Guide: Negligence § 2-03 [4] [b] [Matthew Bender & Co. 2002]). For this court to reach the result obtained in Anderson (supra) would result in a bar of plaintiffs claim notwithstanding plaintiffs own vigilance and despite defendant’s conceded awareness of the defective condition for a protracted period of time and defendant’s failure for such period to remedy the defect. This was never the policy intention (amply discussed in Amabile, supra) behind the prior written notice law (see General Municipal Law § 50-e [4]) and the municipal regulations implementing same. Indeed, such a result would constitute a shield unfairly insulating a municipality from neglect in failing to promptly repair a known defective condition, an absurd result not mandated by the express (factually limited) holding of the Amabile Court.
Having so concluded, the court must also observe that the plaintiff property owner’s very knowledge, his clear awareness of the defect, as evinced by his initial and subsequent communications with defendant concerning such defect, may, as this action evolves, be sufficient to support a jury finding *339 against plaintiff (see, e.g., Sinagra v City of New York, 287 AD2d 447 [2d Dept 2001]; 1 Chase Miller, New York Practice Guide: Negligence § 3.06 [1] [Matthew Bender & Co. 2002]). However, such issue is not now before the court and it could not be concluded as a matter of law in any event whether plaintiffs knowledge of the defect in front of his home makes plaintiff solely responsible or absolves defendant of liability. Ironically, the very set of factual circumstances which now leads the court to conclude that the notice to defendant was valid, thus preserving plaintiffs claim, ultimately may be found to foreclose a recovery by plaintiff. However, such is a theoretical issue in the present context, where the court is faced with a technical issue now resolved in plaintiffs favor.
Accordingly, reargument is granted and, upon reargument, the court adheres to its original determination.

. See Ferris v County of Suffolk, 174 AD2d 70, 73 (2d Dept 1992), citing Klimek v Town of Ghent, 114 AD2d 614, 615; Kirschner v Town of Woodstock, 146 AD2d 965, 967; Holt v County of Tioga, 95 AD2d 934, 936; Blake v City of Albany, 63 AD2d 1075, affd 48 NY2d 875.

. See defendant’s mem of law, dated May 7, 2002, at 4 (penultimate paragraph thereof).

. In Amabile (at 474-475), the Court of Appeals discussed Blake as follows: “In Blake, plaintiff commenced an action against the City of Albany to recover damages for personal injuries suffered when the right front wheel of an automobile she was operating entered a depression or hole on Trinity Place. The City argued that liability could not attach because it had received no prior written notice of the defective condition, as required by Local Laws, 1953, No. 1 of the City of Albany, and because it did not have actual or constructive notice of the defect causing the accident. The Appellate Division rejected defendant’s assertions (Blake v City of Albany, 63 AD2d 1075, 1076). It noted that the undisputed evidence was that on the day of the accident, construction was underway at Trinity Place pursuant to a City permit, and a Department of Public Works field investigator testified that when such a permit was issued, a City worker inspected the project daily to ensure the safety of passersby. The Court concluded that ‘[ujnder these circumstances, * ** * the city’s inspectors should have discovered the defect long before plaintiffs mishap, and, accordingly, the jury was justified in concluding that the city had, at minimum, constructive notice of the dangerous condition’ (Blake v City of Albany, 63 AD2d, supra, at 1076). Additionally, the Court held that the failure to provide prior written notice would not bar the claim because ‘given * * * the almost daily inspection of the area by the city, there was plainly no need for any apprisal and the city had a nondelegable duty to maintain Trinity Place in a safe condition’ (id., at 1076). Although we affirmed the order of the Appellate Division in Blake, of pivotal importance was the fact that, on the argument of the appeal, the City withdrew any reliance on the prior written notice law, Local Law No. 1, as an impediment to recovery by the plaintiff. Thus, this Court was presented with only a common-law negligence action (see, e.g., Taylor v New York City Tr. Auth., 48 NY2d 903). We stated that while there was no direct proof of actual notice, ‘a negligent failure to discover a condition that should have been discovered can be no less a breach of due care than a failure to respond to actual notice (19 McQuillin, Municipal Corporations, § 54.109), on the record here it was within the province of the jury in its general verdict to have found constructive notice on the part of the city on alternative theories’ (Blake v City of Albany, 48 NY2d, supra, at 877).”

, See affirmation of Margaret L. Pezzino, Esq., dated May 7, 2002.

. See part of exhibit E to affirmation of Margaret L. Pezzino, dated May 7, 2002. The decision of the trial court in Anderson was not referred to by defendant movant upon its original motion for summary judgment, as to which reargument is sought, nor, at the time of submission of said motion (Feb. 28, *338 2002), had the Appellate Division’s decision affirming said decision been rendered.

. In Florence (supra at 919), the Court quoted then Chief Judge Cardozo in Moch Co. v Rensselaer Water Co. (247 NY 160 [1928] [reiterated in Schuster v City of New York, 5 NY2d 75 [1958]) as follows: “Governmental liability is compelled by the fact that the duty neglected in this case was assumed for the sole purpose of protecting the infant plaintiff, and others similarly situated, against the very hazard from which that plaintiff suffered * * * If conduct has gone forward to such a stage that inaction would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury, there exists a relation out of which arises a duty to go forward.” (Emphasis added.)