■ TADEUSZ BERNER et al., Respondents, v TOWN OF HUNTINGTON, Appellant. [757 NYS2d 585] —In an action to recover damages for personal injuries, etc., the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Lifson, J.), dated April 4, 2002, which denied its motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated August 13, 2002, which, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated August 13, 2002, is dismissed as abandoned; and it is further,

Ordered that the order dated April 4, 2002, is reversed, on the law, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Huntington Town Code, article V, § 173-18 requires that written notice of a defective sidewalk or street condition be given to the Town Clerk or Superintendent of Highways before an action may be maintained against the Town to recover damages for injuries. Written notice of the defective curb where the plaintiff Tadeusz Berner allegedly fell was not given to the Town. Contrary to the conclusion of the Supreme Court, the Town's actual notice of the defective condition did not satisfy the prior written notice requirement (see Anderson v Town of Smithtown, 292 AD2d 406 [2002]; Harvey v Monteforte, 292 AD2d 420 [2002]). The only exceptions to the requirement which have been recognized by the Court of Appeals are where the municipality created the defect or where a special use confers a special benefit on the municipality (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). Neither of those exceptions is applicable in this case and, consequently, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint.

In light of our determination, it is unnecessary to address the Town's remaining contention. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur. [See 193 Misc 2d 331.]